## JAMES WORDEN

*v.*

## PAUL L. SALTER.

1. INSTRUCTION—*construed in light of the evidence.* Every instruction given to a jury must be construed in the light of the evidence on which it is based.

2. GUARANTY—*consideration.* Where the payee of a promissory note assigns the same, and guarantees its payment in satisfaction and discharge of his own indebtedness to the assignee, the existence of such indebtedness will be a sufficient consideration to uphold the guaranty.

3. SAME—*time of promise to guaranty.* Where the payee of a note, indorsing the same in payment of his own indebtedness, says if the maker does not pay the note, he will, the precise time of the declaration is not important, so that it appears to be a part of the contract then being negotiated, and made before its consummation.

4. SAME—*right to fill blank indorsement with.* If the payee of a note, at the time of its indorsement by him in blank, agreed to pay the same if the maker did not, the indorsee will have the right to fill out the indorsement with an assignment and guaranty of payment.

5. SAME—*laches in suing maker.* Where a payee of a note indorses the same to another, guarantying its ultimate payment, without any condition that the holder shall sue the maker, or do any other act, the latter will not lose his right of action against the guarantor by neglecting to sue the maker..

6. PAROL EVIDENCE—*to show blank indorsement was a guaranty.* In this case parol evidence was received to show that an indorsement in blank of a note by the payee included a guaranty of payment by the indorser. The court do not pass upon the competency of such evidence, there being no objection to it on the trial; but Mr. JUSTICE SHELDON, Mr. CHIEF JUSTICE CRAIG and Mr. JUSTICE DICKEY concurring with him, dissents from any inference that may be drawn in favor of its competency, holding, in that regard, a distinction between an indorsement in blank by the payee of the note, and the case where one not a party to the note writes his name on the back of it.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. MILLER & FROST, for the appellant

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE BREESE* delivered the opinion of the Court:

This was an action brought before a justice of the peace of Warren county, by Paul L. Salter, plaintiff, and against James Worden, defendant, as indorser and guarantor of a promissory note, which resulted in a judgment for the plaintiff. On appeal to the circuit court by the defendant the cause was there tried by a jury, and under instructions of the court a verdict was rendered for the plaintiff and judgment entered thereon, a motion for a new trial having been denied.

To reverse this judgment the defendant appeals, and insists that the verdict was contrary to the evidence, and that the court misdirected the jury.

It is urged here by appellant, that there never was a contract of guaranty made by him, and further, if any such contract was made, appellant was relieved therefrom by the negligence of appellee, and his right to recover thereon was lost by his own *laches.*

Appellant also urges, that the court erred in giving certain instructions for the plaintiff, and in refusing those asked by defendant.

The facts are, substantially, that these parties had dealings together, the result of one of which was, that appellant was found in debt to appellee in the sum of five hundred dollars, and for which he gave appellee his note payable two years from its date. This was in February or March, 1869. In November of that year the parties met and a trade was had, by the terms of which appellee agreed to take of appellant, in discharge of this note of five hundred dollars, a house and lot in the village of Kirkwood, valued at three hundred and fifty dollars, and a note as follows:

"$190.                              *Oneida, Ill., March* 1, 1869.

One day after date I promise to pay to the order of James

---

*NOTE—This case was submitted at the September Term, 1877, and the opinion written as of that term, but was not filed until February 22, 1879.

Worden, one hundred and ninety dollars, at Anderson & Co.'s store, value received, with ten per cent interest.

          W. W. CRAMER."

On the back of this note appellant wrote his name, and it was delivered to appellee. When suit was brought upon the note, this writing above appellant's name was placed upon it by appellee's attorney: "For value received I hereby assign the within note to Paul L. Salter, and guarantee the payment thereof."

The question is, what did appellant intend when he put his name on the note:— Was it his intention to guaranty the payment of the note, or only to transfer the title, he himself being liable as assignor only?

On this point the parties testified, and other witnesses were examined, some of whom were present when the transaction occurred. From the testimony of one set of witnesses, the jury had a right to conclude there was a guaranty. From appellant's testimony, no such inference could be reasonably drawn. Here, there was a plain conflict, and we can not say there was a proponderance of testimony against the conclusion reached by the jury, if they were properly instructed.

The instructions of which complaint is made, given for the plaintiff, are the first and second, which are as follows:

"The jury are instructed, that if they believe, from the evidence in this case, that the defendant, Worden, transferred the note offered in evidence, made by W. W. Cramer, and payable to the defendant, Worden, by indorsing his name on the back of said note, and at the time he delivered it to plaintiff agreed if Cramer, the maker of said note, did not pay it he would, and if the jury believe said Cramer did not pay said note, then defendant would be liable to pay the same, and the jury should find a verdict for the plaintiff and assess his damages at the amount of principal and interest due on said note, unless the defendant has shown that plaintiff has been guilty of negligence and that defendant has suffered loss thereby."

" The jury are instructed, if they believe, from the evidence in this case, that the defendant, at the time he indorsed his name on the back of the note offered in evidence, or during the time the plaintiff and defendant were negotiating about the same, or even after the defendant handed said note to the plaintiff and while they were yet negotiating about the same, that the defendant, Worden, agreed to pay said note if Cramer, the maker of said note, did not, or words to that effect, then he is liable to pay said note if Cramer did not, and it was not necessary for the plaintiff to notify the defendant of such nonpayment, and the jury should find a verdict for the plaintiff and assess his damages at the amount due on said note." This instruction modified as No. 1.

The complaint is, that the first instruction omits the element of a consideration for the alleged guaranty.

Every instruction given to a jury must be construed in the light of the evidence on which it is based. The indebtedness of appellant to appellee, to be settled in this transaction, is not disputed, and that, we apprehend, was a sufficient consideration, and that was fully before the jury. On that point there is no difficulty. The instruction is faultless in this respect. Appellant was paying his own debt with the note of a third party, and there is nothing unreasonable or unusual in guarantying the payment of such a note, the indebtedness of the guarantor being the consideration moving him, and paying it with this note.

It is urged, the second instruction was calculated to mislead, and at the close the words, " This instruction modified as No. 1," conveyed no information to the jury of any service to them, and was so indefinite as to serve to confuse them. This instruction does not differ very materially from the first instruction, and seems to qualify it in some degree. There was a controversy as to the time when appellant used the expression attributed to him by several of the witnesses, " By the eternal, if Cramer don't pay the note I will,"—whether at

the precise time when appellant put his name on the note, or after the business was closed up, and the note as indorsed was delivered to appellee. The exact point of time when the declaration was made, is not important, so that it appears to be a part of the contract then being negotiated, about which there was a conflict in the testimony. So that the promise was made to constitute a part of the negotiation, it was sufficient, and no notice to appellant of non-payment by Cramer was necessary. We do not think there is any valid objection to this instruction.

If it was the agreement of the parties, that appellant would pay this note if Cramer did not, the holder of the note, the appellee, who sues the indorser, had the right to fill out the indorsement in the manner in which it was filled out, it manifesting the contract of the parties.

The first refused instruction asked by defendant, was properly refused, for the reason there was no evidence of any such agreement for a consideration enforcible at law.

The second refused instruction has been substantially considered in passing upon the plaintiff's instructions. The debt due by appellant to appellee was a sufficient consideration for the guaranty.

We are of opinion appellant received from the court all the instructions to which he was entitled under the facts then before the jury.

The question for the jury was, did appellant indorse this note for the sole purpose of transferring the title, or with a guaranty of ultimate payment of the note by himself. If the latter, the guarantor becomes liable if the money is not paid according to the terms of the guaranty. *Croskey* v. *Skinner*, 44 Ill. 321. By the terms of this guaranty no terms were imposed upon appellee that he should sue the maker, or do any other act; he could remain passive, and the guarantor should have looked to it, before Cramer left the State, that he had paid this note.

We think the case has been properly decided, and we find no substantial error in the record and affirm the judgment.

*Judgment affirmed.*

Mr. JUSTICE SHELDON, dissenting: The conclusion reached here may, perhaps, be justified on the ground that as parol evidence was entered into without objection, by both sides, to show what was the liability assumed, the question as to the incompetency of such evidence, might be considered as having been waived.

But I wish to express my dissent from any inference which may be drawn from the opinion, that parol evidence is admissible to show what liability was intended to be assumed by the indorsement in blank of the payee of a promissory note. Whenever the payee of a promissory note indorses it in blank, there is a certain and well known legal import attached thereto—that it is a contract of indorsement, and not one of guaranty or other kind. In such case the liability intended to be assumed appears from the writing itself, and can not be varied by parol, no more than could have been the contract which the law imports had it been written out in words.

This I had understood as having been settled by the more recent decisions of this court, especially by *Mason* v. *Burton*, 54 Ill. 349; *Beattie* v. *Browne*, 64 id. 360; *Jones* v. *Albee*, 70 id. 34; *Skelton* v. *Dustin*, 92 id. 49.* Such are the decisions elsewhere. *Dale* v. *Gear*, 38 Conn. 15; *Woodward et al.* v. *Foster*, 18 Grat. 200; *Charles* v. *Dennis*, 42 Wis. 56; *Coon* v. *Pruden et al.* 24 Minn; *Rodney* v. *Wilson, Admr.* 67 Mo. 124.

It is a different case where one not a party to a note writes his name on the back of it. There, under our decisions, it may be shown by parol what was the liability intended to be assumed. There is, in that case, no such certain and well known contract implied by the law as there is where the payee indorses in blank. The distinction is pointed out in the case in 18 Grat. The doctrine which would permit the legal import of the indorsement in blank of the payee of a note to be

---

* Opinion filed February 17, 1879.

varied by parol evidence, and so be made liable to be thus converted into a contract of guaranty or other kind, I should regard as dangerous and pernicious in effect upon commercial paper, as not sound in principle, and as opposed to all the better authority.

CRAIG, C. J. and DICKEY, J: We concur in the views expressed by Mr. JUSTICE SHELDON.