## Charles P. Packer
### v.
## O. D. Wetherell, Assignee.

*Negotiable Instruments—Note—Action Against Guarantor of—Evidence of Consideration for Guaranty—Absence of Party and Counsel from Trial—Excuse for—Discretion of Court—Practice.*

1.   An indorsement on a note in the form of a guaranty will pass the title and also bind the guarantor, the same consideration that supported the transfer supporting the guaranty; and the words "for value received" thereon are a sufficient expression of consideration on the face of the writing itself, and, the writing being in evidence, no other proof of consideration is necessary.

2.   An engagement in a justice court has never been regarded as a sufficient excuse for the absence of a party or his attorney from a trial in the Circuit Court, and the refusal of the judge to delay a trial on that ground is not an abuse of judicial discretion.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Samuel P. McConnell, Judge, presiding.

Mr. E. A. Sherburne, for appellant.

Messrs. Flower, Smith & Musgrave, for appellee.

Moran, J.   This was an action against appellant as guarantor of a promissory note, and on the trial in the Circuit Court, in the absence of appellant, a verdict was rendered against him for the amount of the note and interest.   A few minutes after the verdict was rendered, a motion was made by defendant to set aside the verdict, which was overruled and judgment rendered.

The bill of exceptions contains affidavit of defendant from which it appears that the reason why appellant and his attorney were not present at the trial was that they were

engaged before a justice of the peace at 39th and State streets in the trial of a suit in which appellant was defendant and a material witness in his own behalf. Said justice trial was protracted beyond the expectation of appellant and his attorney, and appellant sent a messenger to the judge of the Circuit Court who tried this cause and informed said judge of the said engagement before the justice, and that they would come to said Circuit Court the moment they could leave the justice court, which information was given to the judge just as this case was called, but the judge refused to wait, and called a jury and heard the case.

The statement of the facts of appellant's engagement to the judge before the case was called, was an appeal to his discretion, and his decision on such question will not be reviewed unless an abuse of discretion is shown. An engagement in justice court has never been regarded as an excuse for the absence of party or attorney from the Circuit Court when a case is reached on the call. We should hesitate to hold that a refusal to delay the trial of a case on such a ground was an abuse of judicial discretion. Appellant knew his case was to be called, and his failure to be present was negligence on his part, not excused by his engagement in the justice court.

Appellant insists that the case must be reversed because the evidence introduced on the trial did not warrant the verdict. The special count on the guaranty after stating the making of the note and the delivery thereof to appellant, as payee, alleged that appellant, " to whom or to whose order the payment of said sum of money in the said note specified was to be made as aforesaid, afterward and before the payment of said sum of money mentioned in the said note or any part thereof, and also before the time limited and appointed by the said note for the payment thereof, to wit, on the same day and year and at the place aforesaid, indorsed the said note in writing and by that indorsement ordered and appointed the said sum of money in the said note specified to be paid to said order and then and there delivered the said note, so indorsed, to the said plaintiff, and

thereupon on the day first aforesaid and at the place aforesaid, and before the delivery of said note to the plaintiff, in consideration that the plaintiff would accept and receive the said note of the said (the makers), and for a valuable consideration to him, in hand paid by the plaintiff, he, the said defendant, by his indorsement in writing thereon, then and there guaranteed the payment of said sum of money in the said note specified," etc. The bill of exceptions shows that at the trial the plaintiff put in evidence the note and guaranty. The objection is that there was no evidence of a consideration for the guaranty. The averment of the declaration would be supported by a transfer and guaranty of the note evidenced by one instrument. An indorsement on a note in the form of a guaranty will pass the title and also bind the guarantor. Heaton v. Hulbert, 3 Scam. 489. The same consideration that supported the transfer supported the guaranty, and the words "for value received" were a sufficient expression of consideration on the face of the writing itself, and no other proof of consideration was necessary. Day v. Elmore et al., 4 Wis. 190; Brant on Suretyship & Guaranty, Sec. 84, and cases there cited.

Appellant's contentions can not be sustained and the judgment will be affirmed.

*Judgment affirmed.*