Wilson v. St. John's Hospital.

---

## Edwin A. Wilson v. St. John's Hospital.

1. VARIANCES—*Not Reached by General Objections.*—A general objection to evidence will not reach a variance when an amendment to the pleadings could have cured the variance had that objection been specifically made.

2. PRACTICE—*Note and Guaranty Admissible Under the Common Counts.*—A promissory note and a guaranty are admissible in evidence under a declaration containing the common counts only.

3. SAME—*Waiver of a Rule for a Bill of Particulars.*—A defendant who procures a rule for a bill of particulars is in a position to demand a compliance with the rule or a dismissal of the common counts from the declaration, but if he does neither and goes to trial he will be considered as having waived a compliance with the rule for a bill of particulars.

4. NUDUM PACTUM—*When a Contract of Guaranty is Not.*—A trustee who sells real estate belonging to the *cestui que trust* and takes the purchaser's note for the price, the payment of which, upon consideration that his successor in trust would accept it as a part of the property held

in trust, he guaranteed, can not be heard to say that his contract of guaranty is *nudum pactum.*

Assumpsit, on a contract of guaranty. Appeal from the Circuit Court of Sangamon County; the Hon. George W. Murray, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900. Rehearing denied.

Brown, Wheeler, Brown & Hay, attorneys for appellant.

Graham & Miller, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

This is an appeal from a judgment of $857.88, recovered by appellee against appellant on a guaranty for payment of a promissory note executed by one Thomas Clark to appellant. Two grounds are urged for a reversal of the judgment: first, that the plaintiff did not prove the contract of guaranty as laid in the declaration; second, that the evidence shows that the guaranty was *nudum pactum.*

The declaration is in assumpsit and contains the common counts, to which are attached the copy of a promissory note for $675, executed by Thomas Clark to Edwin A. Wilson, and the copy of a guaranty indorsed upon the back of the note in the following words:

" For value received, I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of six per cent per annum until paid, and agree to pay all costs and expenses paid or incurred for collecting the same.          Edwin A. Wilson."

After the defendant had secured from a court a rule for a bill of particulars, the plaintiff, without complying with the rule, obtained leave to file, and did file, an additional count in which the guaranty was specially declared upon. The evidence does not strictly conform to the averments contained in the special count, but it does not appear that when the defendant objected to the introduction of the note and guaranty, he placed his objection upon the ground

of a variance. It is a familiar rule of law, in this court, and other courts of appeal in this State, that a general objection to evidence will not reach a variance when an amendment of the pleadings could have cured the variance had that objection been specifically made. We are clearly of the opinion, too, that the note and guaranty were admissible under the common counts. We can not agree with counsel that a failure on the part of plaintiffs to comply with the rule for a bill of particulars amounted to an abandonment of the common counts. The defendant was in a position to demand compliance with the rule or a dismissal of the common counts, but as he did neither and went to trial on the general issue and special plea interposed to the common counts and the special one, he must be considered as having waived a compliance with the rule for a bill of particulars.

Was the guaranty *nudum pactum?* For a number of years, Wilson held money and property in trust for a Miss Mary Haynie, a sister in a convent in Kentucky. He loaned money and invested in interest-bearing securities for her. In 1884 he sold a piece of real estate which he owned, to Thomas Clark, for $675, on monthly payments, giving Clark a bond for a deed and taking Clark's promissory note for the purchase price. He claims that he reported to Miss Haynie the note as an investment for her, and that for nine or ten years following he remitted to her the interest as it was paid in, from time to time, by Clark. For nine and a half years Clark kept the interest paid, and paid $44.20 on the principal. No deed was ever executed to Clark for the reason that he did not pay the note.

In November, 1894, Wilson was succeeded by one H. K. Webber as trustee and agent for Miss Haynie, and as such, in 1895, called upon Wilson for a settlement of his agency. The note in question was turned over to Webber and then delivered to appellee as a donation from Miss Haynie. Webber refused to accept the note as part of the property held in trust by Wilson unless Wilson would guarantee its payment, and thereupon the above quoted guaranty was executed by Wilson.

Under these facts, we see no room for the contention that the guaranty was without consideration. Wilson was the payee in the note, and the consideration for it was the sale of real estate in which Miss Haynie had no interest whatever. In turning it over to her newly constituted agent or trustee in the accounting had with him, Wilson received credit for the amount of the note. It was accepted in discharge of so much of the obligation which he owed as an out-going trustee.

The trial court rightfully rendered judgment against appellant on the guaranty made by him. Judgment affirmed.