People v. Cook County.

---

# People of the State of Illinois, ex rel. M. B. Lawrence, v. Cook County.

## Gen. No. 12,506.

1. INSTRUCTIONS—*how must be construed.* Instructions urged as erroneous must be considered in connection with the other instructions given in the cause and in the light of evidence upon which they are predicated.

2. INSTRUCTIONS—*need not repeat.* The court may properly refuse an instruction which if given would be a mere repetition of another instruction read to the jury.

3. INSTRUCTIONS—*when reference to wrong municipal body in, will not reverse.* The inadvertent use by the court of the words "civil service commission" instead of "board of county commissioners" will not reverse where the inadvertence is cleared by reference to the entire body of instructions.

*Mandamus* proceeding. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

**Statement by the Court.** Plaintiff in error filed a petition for *mandamus* against defendant in error to compel defendant in error to pay petitioner $300 for salary held

back by the county, and to pay salary in the future at the rate of $150 per month as the same accrues.

The petition alleges the appointment of a civil service commissioner, the classification of positions in Cook county, and that among the classifications is class A, namely: "All positions requiring the appointee to be a member of one of the professions," and that said classification has been in force since December 19, 1902; that before that time there was in full force and effect a similar classification; that from August 30, 1897, thence hitherto there have been in existence in Cook county, Illinois, eight offices of physicians at the Cook county institutions at Dunning; that on August 30, 1897, petitioner was a citizen of the United States above the age of twenty-one years and for more than five years had been a resident of Chicago, and a qualified elector and not a defaulter; that on that date petitioner took a civil service examination and was passed as duly qualified and was afterwards duly appointed to one of said positions; that he had never violated any of the rules of the civil service commission, and has never been charged under the Civil Service Act with any dereliction of duty or otherwise; that in the appropriation bill passed February 8, 1904, for the fiscal year commencing the first Monday of December, 1903, petitioner was appropriated for under the following heading: "Cook county institutions at Dunning, class A, for five senior physicians, each $150 per month, $9,000 per year;" that petitioner was one of the five senior physicians employed at that time; that for the months of December, 1903, January, February and March, 1904, he has been paid only $75 per month; that he is entitled to receive $75 per month for the four months amounting to $300, and to $150 per month in the future, and prays that a writ of *mandamus* issue commanding the county of Cook to pay said salary.

The answer of the defendant in error avers that plaintiff in error was appointed to the position of assistant physician which he held until 1901, when he was laid off and his name placed on the eligible list; that on July 1, 1902, he was retained as assistant physician upon his previous exam-

ination; that on August 3, 1903, the commissioners adopted the following resolution: "Whereas it is necessary, to place the medical staff at the Cook county institutions at Dunning on a satisfactory basis, to have internes appointed immediately for service in said institutions:

Resolved, that an examination be called for the selection of internes as needed at said Cook county institutions; said examination to be held after the manner in which examinations are held for internes at the Cook County Hospital"; that in the annual appropriation bill for the fiscal year commencing on the first Monday of December, 1903, the commissioners appropriated $9,000 as salary for five senior physicians, and also provided for internes as required, their compensation to be board, lodging and laundry service, and made no other appropriation for the office of physicians; that said board abolished the position of assistant physician held by relator at the beginning of the fiscal year commencing December 1, 1903.

The board also adopted the following resolution:

"Resolved, that the duties now performed by the physicians at Dunning be performed by internes, in accordance with the resolution of August 3, 1903, such internes to be licensed physicians, and to receive no other compensation except board, laundry and sleeping accommodations, provided, however, that all physicians now employed at the institutions at Dunning, under the provisions of the Civil Service law, may, if they elect, continue as internes under above conditions as to compensation, and that there are hereby created the following new places of employment: three senior physicians for the insane hospital who shall be specialists on mental and nervous diseases, and whose general duties shall be to supervise all medical work in their departments, and give instruction to internes. One senior physician at the infirmary in charge of that department who shall be an experienced physician and surgeon and whose general duties shall be to supervise all medical and surgical work in that department, and give instruction to internes. One senior physician in charge of the consumptive hospital, a specialist in the treatment of tuberculosis and the science of pathology, to supervise all medical work in the department and give instruction to internes."

That the civil service commission filled the five new places of appointment of senior physicians by examination for promotion, open to all physicians then employed; that the plaintiff in error was informed of said action abolishing the position of relator and creating the five new places, and it was agreed between the plaintiff in error and the commissioners that the former should remain in the employment and receive the same monthly salary that was paid to him in 1903; that in pursuance thereof he has continued in the employment of the county and has been paid the salary agreed upon; that he is not one of the five senior physicians appropriated for in the annual appropriation bill of said county passed February 8, 1904; that the position held by plaintiff in error has been abolished and its duties imposed upon internes.

Upon the trial it was stipulated that all issues might be tried and submitted the same as if specially pleaded. The trial resulted in a verdict against plaintiff in error, and judgment was entered thereon.

A. D. Gash and James H. Hooper, for plaintiff in error.

Harry A. Lewis, County Attorney, and William F. Struckman, Assistant County Attorney, for defendant in error.

Mr. Presiding Justice Smith delivered the opinion of the court.

The errors insisted upon in argument relate to the refusal of proper instructions and the modification of an instruction asked by plaintiff in error, and the refusal of the court to set aside the verdict because contrary to the evidence.

Plaintiff in error asked the following instruction: "The court instructs the jury that no officer or employee in the classified civil service of the county, who shall have been appointed under the rules of the civil service commission, and after examination by said civil service commission, shall be removed or discharged, except for cause, upon

written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said civil service commission, or by or before some officer or board appointed by said commission to conduct such investigation. The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer, and shall be forthwith enforced by such officer."

To the above instruction the court added the following and gave it as modified: "But the civil service commission has the right to change the duties of an office, or abolish an office, and require a new examination for promotion, if done in good faith. What the facts are in this case, you must determine from the evidence."

The court used the words "civil service commission" instead of "board of county commissioners". It is claimed this is reversible error.

All the instructions must be considered together as one charge to the jury (Hacker v. Munroe & Son, 176 Ill. 384), and must be construed in the light of the evidence on which they are based. Worden v. Salter, 90 Ill. 160.

The issue tried before the court and jury was whether the board of county commissioners abolished the office held by plaintiff in error, or merely changed the name of the office or the duties of the officer. There was no evidence offered tending to show that the civil service commission had made or attempted to make any such change. On the contrary the evidence is undisputed that the only changes which were made were those made by the county board. We think, therefore, in view of the evidence and the other instructions given, the jury could not have been misled or confused by the erroneous use of the words in the instruction as given. It was clearly apparent that the use of the words was a mere inadvertence. The instructions asked by plaintiff in error and given by the court submitted the real issue involved to the jury, and they could not have understood by the words "civil service commission" that

another issue was presented. We do not think plaintiff in error suffered any harm by the error.

The court, having instructed the jury that if they believed that the board of commissioners of Cook county attempted to discontinue or abolish the office of physician or of assistant physician held by plaintiff in error by changing the name thereof without in any way changing the duties of said office or position, they must find for the petitioner, did not err in refusing to give another instruction to the same effect.

Upon a review of the evidence we are satisfied that the verdict of the jury is supported by the evidence, and that there is no substantial ground in the record for disturbing the verdict. The judgment is affirmed.

*Affirmed.*