[No. 9614.   Department Two.   January 23, 1912.]

## O. J. EKRE, *Appellant*, v. JOHN CAIN, *Respondent*.[1]

LIMITATION OF ACTIONS—CONTRACTS—GUARANTY. Where a debtor turned over a note in payment of his own debt, at the same time guaranteeing the note, the guaranty is not a promise to pay the debt of another which would be barred when the statute of limitations had run against the note; but it is a promise to pay his own debt, creating a liability during the period of limitations following its written acknowledgment.

GUARANTY—PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION. An oral guaranty of a note turned over in payment of the guarantor's indebtedness is a sufficient consideration for a subsequent written guaranty of its payment, as it is but an agreement to pay his own debt.

COMPROMISE AND SETTLEMENT—EFFECT. Where defendant was bound to pay $7,250 for plaintiff's interest in certain lots, a second

[1]Reported in 120 Pac. 523.

contract whereby plaintiff agreed to sell defendant a part, if not all, of the property, for the sum of $4,500, was intended to discharge the first contract, and is in the nature of a compromise and settlement.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered February 7, 1911, upon findings in favor of the defendant, in an action on contract. Affirmed in part and reversed in part.

*Stevenson & Sorley*, for appellant.
*Trumbull & Trumbull*, for respondent.

CHADWICK, J.—In the year 1893, plaintiff and defendant entered into a certain contract for the sale of lots held in common and with another. By the terms of the contract, defendant was to pay plaintiff $1,250. After the contract had run for some time, plaintiff became indebted in the further sum of $300, making in all $1,550. He paid $1,000 in cash about September 8, and through the medium of one C. P. Brown, who seems to have been interested in the property and acting as a sort of an agent for both parties, plaintiff was induced to take over a note for $340 made by the St. Louis Pressed Brick & Terra Cotta Company. This note was dated July 16, 1903, and was due January 16, 1904. It was made payable to C. P. Brown; but, as we understand, it represented a debt due from the brick company to defendant. In the correspondence between Brown and plaintiff, it is made to appear that defendant orally guaranteed to plaintiff the note. This Brown testifies to positively, and defendant will not deny that it was so. Plaintiff testifies he was induced by this representation to accept the note. The note not being paid by the brick company, Brown, who is an attorney, was instructed by plaintiff to begin action against the brick company for the recovery of the amount due on the note. It was the intention of plaintiff and of Brown to make defendant a party to the suit. Defendant was informed of this, and in order to avoid the notoriety of a lawsuit and its

consequent influence on his personal affairs, made and delivered to Brown for plaintiff the following written guaranty:

"For value received I hereby guarantee the payment of a certain note of the St. Louis Pressed Brick & Terra Cotta Co., dated July 16th, 1903, for three hundred and forty dollars, due six months after date, with interest at eight per cent per annum, payable to the order of C. P. Brown.

"John Cain."

Action was then begun against the brick company. This action was dismissed before judgment, in consideration of a contract, signed by defendant and others in behalf of the brick company, that the title to the property owned by the brick company would be cleared and plaintiff given a second mortgage for the full amount due him on his note. The brick company thereafter became insolvent, and no part of the note was ever paid by it; nor did it or any one acting for it ever attempt to carry out the contract just mentioned. This action was brought to recover on the guaranty.

It is contended that the action is barred by the statute of limitations; for, as it is asserted, although plaintiff sues defendant within the life of the note, he has, by failing to make the brick company a party to the action, allowed the principal debt to lapse, so that there is nothing to sustain the promise of the defendant as evidenced by the written guaranty. Admitting, but not deciding, that this may under certain circumstances be the rule, it is not so here. The guaranty relied on was not a promise to pay the debt of another. It is alleged in the pleadings, and in our judgment the testimony shows, that defendant's promise was to pay his own debt, and his present liability rests upon his personal obligation, and must be held to continue during the period of limitations following its written acknowledgment. Section 3510, Rem. & Bal. Code, which is relied on by defendant, goes to the discharge of persons secondarily liable. In this case defendant is primarily liable. The note of the brick company was accepted by plaintiff, not in lieu of, but

in aid of, his oral promise to pay his then existing debt, which promise the parties have, for the want of a better term, called a guaranty.

It is contended, also, that the oral guaranty not being in any way binding on defendant, the written guaranty is without consideration. For this reason the trial judge was in the main influenced to hold against plaintiff's right of recovery. As already indicated, it will be seen that the note of the brick company was not turned over to plaintiff in payment of its own debt, but to satisfy the debt of defendant. Defendant did not engage to pay the debt of another, and the delivery of the note to his creditor was enough to support a consideration for the so-called guaranty. *Worden v. Salter*, 90 Ill. 160; *Wilson v. St. John's Hospital*, 92 Ill. App. 413; *Packer v. Wetherell*, 44 Ill. App. 95; *Gillighan v. Boardman*, 29 Me. 79.

The subsequent written acknowledgment of the debt and guaranty of its payment is enough to hold defendant to his promise; for, under and through all of the relations of the parties, the primary obligation of defendant has never been discharged. Liability for debt is a sufficient consideration for a subsequent written guaranty of its payment. 1 Brandt, Suretyship, § 22. It is our judgment that plaintiff was entitled to recover on his first cause of action.

For a second cause of action, plaintiff seeks to recover a balance due on the original contract of the parties. Under this contract, defendant bound himself to pay $7,250, in consideration of which plaintiff agreed to deed his interest in certain lots to defendant or his assignee. Thereafter another contract was entered into, whereby plaintiff agreed to sell to defendant certain property, a part of which, if not all, was covered by the original contract, for the sum of $4,500. This contract has been paid and discharged, and we agree with the trial judge that it was the intent of the parties to settle their differences, except the note above mentioned, by

the second contract which was in the nature of a compromise agreement.

This case will be remanded with instructions to the lower court to enter a judgment for plaintiff on its first cause of action. In other respects, the judgment of the lower court is affirmed. Appellant will recover costs in this court.

DUNBAR, C. J., MORRIS, ELLIS, and CROW, JJ., concur.