[No. 15863. Department One. July 15, 1920.]

C. T. HARDINGER, *Respondent*, v.
J. WALTER HAINSWORTH *et al.*,
*Appellants.*[1]

GUARANTY (2)—NATURE OF OBLIGATION—ENFORCEMENT—WAIVER
OF RIGHTS. Where a guarantor of the purchase price of property,
in consideration of forbearance and to prevent the running of the
statute, in writing "renewed" his original guaranty, it became an
original obligation notwithstanding it was called a guaranty.

EQUITY (46)—LACHES AND STALE DEMANDS—FOLLOWING STATUTE.
Laches does not bar a right of action upon the renewal of a written
guaranty, which was given in consideration of forbearance to sue
and to prevent the statute from running, where action was com-
menced within the statutory period after the second writing was
entered into, and the action was between the original parties.

APPEAL (469)—REVIEW—HARMLESS ERROR—JUDGMENT OR ORDER—
TENDER. In an action upon a guaranty of payment of the purchase
price of land sold, defendant cannot complain that plaintiff did not
tender a deed of the land conveyed to him, where the judgment re-
cites that, upon its payment, the plaintiff shall convey the property
to the defendant, as he is not prejudiced.

DAMAGES (66)—GUARANTY (9)—MEASURE OF DAMAGES FOR BREACH
OF CONTRACT. The measure of damages for breach of a contract
guaranteeing the payment of the purchase price of land, is the bal-
ance due upon the price, plus interest and taxes.

Appeal from a judgment of the superior court for
King county, Hall, J., entered January 3, 1920, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*Roberts & Skeel* and *L. B. Schwellenbach,* for appel-
lants.

*C. T. Hardinger,* for respondent.

MAIN, J.—This action was based upon a writing
called a guaranty. The cause was tried to the court

[1] Reported in 191 Pac. 755.

without a jury, and resulted in findings of fact, conclusions of law and judgment sustaining the plaintiff's right to recover. From this judgment, the defendants appeal. The facts may be summarized as follows:

Prior to September 15, 1909, the appellants, being then the owners of certain real property in the city of Seattle, sold the same on written contract to one Clarence V. Atkinson. A small payment was made upon the contract at the time of this execution, and the balance was to be made in monthly installments. On September 15, 1909, the appellants transferred the contract to the respondent in this action, and at the same time executed and delivered to him a quitclaim deed covering the same property. The assignment was written upon the back of the contract and recited: "We hereby guarantee the payment of the balance of the purchase price, with interest." Atkinson made the monthly payments upon the contract to the respondent until July, 1910, since which time no payments have been made. On January 15, 1911, the appellant J. Walter Hainsworth procured a quitclaim deed from Atkinson conveying the property to the respondent. Thereafter, at the suggestion of Hainsworth, the respondent listed the property for sale. He was directed to go ahead and sell and "try to get your money out of it." The property was not sold, and no payments having been made on the contract subsequent to July, 1910, on September 9, 1915, the appellants signed a second writing which recites:

"For the purpose of preventing the running of the statute of limitation and in consideration of his forbearance to commence suit against us at this time, we hereby renew in favor of C. T. Hardinger, our written guaranty endorsed upon the back of the contract of purchase issued by us to Clarence V. Atkinson."

This writing further recites that it is a renewal, upon the same terms and conditions as set out in the original contract "of assignment and guaranty endorsed upon said contract." It is upon this writing that recovery is sought in the present action.

The appellants first claim that this is a guaranty contract and that the respondent has waived his right to proceed thereon because of the lapse of any right of action against Atkinson. The quitclaim deed which the latter gave was procured by Hainsworth, and was delivered to the respondent by him, the apparent purpose being to get the title to the property in such condition that it could be easily transferred in the event of a sale. While the evidence does not make it very clear, it is apparent that the respondent only held the title as security for the money which he had paid to the appellants at the time he took the assignment. Admitting, but not deciding, the general rule to be as claimed by the appellants that, if the right of action is permitted to lapse against the principal obligation, the guarantor is released, it is not applicable to the facts in this case. The appellants having secured the deed from Atkinson and having advised the respondent to sell the property, they cannot complain because the title to the property, by the deed from Atkinson, was merged in respondent. The writing upon which the action is based refers to the prior writing by which the payment of the purchase price with interest is guaranteed. The obligation, while called a guaranty by the parties, became in effect an original obligation of the appellants. *Ekre v. Cain,* 66 Wash. 659, 120 Pac. 523.

The second contention is that the respondent was guilty of laches in failing to bring an action within a reasonable time, and therefore is estopped to assert

any right in the contract sued upon. When the statute of limitations was about to run upon the first writing, as recited in the second, for the purpose of preventing the running of the statute, that writing was made. The present action was brought before the statute of limitations had run upon the second writing. The record discloses no reason for invoking the doctrine of laches; it was the apparent intent of the parties, when the second writing was entered into, that a right of action should be kept alive for the statutory period. The case of *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910, much relied upon by the appellants, was upon different facts. There the action was between the original parties to the contract. The seller, after all the payments had become due thereon, delayed bringing the action for the purchase price for such length of time that it was held that he had elected by his silence to accept a forfeiture of the contract. This case, upon the facts as above stated, is not within the holding in that case.

The appellants further contend that, since the respondent did not tender a deed prior to the time of the signing of the judgment, his right of recovery is defeated. The complaint alleged, among other things, that "the plaintiff herewith tendered to the defendants a deed to said above mentioned lots upon payment of the amount due." The judgment recites that, upon payment by the appellants to the respondent of the sum of $950.92, with interest, the respondent shall convey the property to the appellants. It thus appears that the payment of the judgment is conditioned upon making and executing the deed. Even though the deed should have been tendered prior to the signing of the judgment, the appellants have not been prejudiced by failure of the respondent so to

do; and the judgment should not be reversed for this reason.

Finally, it is contended that the trial court did not apply the correct measure of damages. As we understand the record, the recovery allowed was for the balance of the purchase price plus interest and taxes. These are the sums that were covered by the writings between the parties to this action, and there was no error in the measure of damages allowed.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.