[No. 1007.   Decided January 6, 1894.]

F. V. HOGAN, *Respondent*, v. GEORGE F. KYLE, *Appellant*.

VENDOR AND PURCHASER — SALE OF LAND — ACTION FOR PURCHASE PRICE — PLEADING.

The vendor of land cannot retain the title thereto and recover judgment for the purchase price, upon default in payment by the purchaser.

Where a contract for the sale of land provided for the cash payment of one-third of the purchase price and the balance in two equal installments, time being made of the essence of the contract, the complaint in an action to recover a money judgment for the amount of the two deferred payments instituted more than two years after the maturity of the last installment, does not state a cause of action either legal or equitable, when it alleges the making of such contract, failure to pay, the ownership of the property, and the tender of a good and sufficient deed prior to the commencement of the action.

*Appeal from Superior Court, King County.*

*Preston, Albertson & Donworth,* for appellant.

*H. B. Slauson,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— On the 27th day of February, 1890, respondent and appellant entered into a written contract wherein respondent agreed to sell the appellant certain real estate for the sum of $2,500, one-third of which was paid at the time of the execution of the contract, appellant to pay the balance of the purchase price in two equal installments, the first of which was to be paid on the 27th day of May, 1890, and ·the second on the 27th day of August, 1890. Time was expressly made the essence of the contract. The appellant paid no part of the purchase price except the sum which was paid at the time the contract was executed. It does not appear that defendant entered into possession of the property or exercised any control over it.

On November 14, 1892, suit was commenced by the respondent to recover a money judgment against the appellant for the amount of the two unpaid installments with interest. The complaint simply alleged the making of the contract, failure to pay, the ownership of the property, and the tender of a good and sufficient deed prior to the commencement of the action. A demurrer was interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant answered, alleging possession in the respondent, but denying his power to give good title, alleging that respondent had never demanded of appellant the contract price of the land at any time prior to November 14, 1892, the date of the commencement of the action, and never tendered to appellant any deed or conveyance purporting to convey said land until said 14th day of November, 1892, and never at any time conveyed said premises. That long prior to said last named date appellant had informed and notified respondent that he did

not have or claim any further interest in said property, and that he would not pay any further installment provided for by said contract, and that the plaintiff did not, up to said November 14, 1892, assert any further right to the balance of said contract price, nor dissent to nor deny said claim of defendant that he was no longer bound by said contract; and that long prior to said last named date the plaintiff had exercised said option reserved to him under said contract, and had elected to rescind said contract and to retain as a forfeit the first payment that had been made to him by the defendant thereunder aforesaid.

At the outset of the trial appellant objected to the introduction of any testimony in behalf of the plaintiff, on the ground that no cause of action was stated in the complaint. This objection was overruled.    At the conclusion of respondent's testimony appellant moved for a non-suit, which motion was overruled.    Thereupon he rested upon his motion and did not offer any testimony, and the judge instructed the jury to bring in a verdict against the appellant for the balance of the contract price, with interest, which being done, judgment was entered thereon; from which judgment appellant has appealed.

At the commencement of the action the appellant moved to have the case transferred to the equity calendar, which motion was denied.    The demurrer and the motion for a non-suit raised substantially the same questions.

The judgment in this case will have to be reversed in any event, for under its terms the respondent recovers the full purchase price, and is allowed to retain the land which represented the purchase price.    In this case these are dependent obligations upon which the respondent is suing. When the first installment became due, he could have recovered the amount then due as upon an independent contract, but having elected to wait until the last installment became due, and upon the payment of which defendant

would be entitled to a deed, the obligations become dependent. They all relate back to the contract, and respondent cannot sustain an action for either installment without proof of performance or readiness to perform on his part. *McCroskey v. Ladd*, 96 Cal. 455 (31 Pac. Rep. 558), and cases cited.

In that case the court said:

"There is but one single cause of action, one and indivisible. The defendant, if he would obtain his deed, must pay all, and the plaintiff, if he would recover, must show such a performance on his part as would entitle him to all the unpaid consideration."

It is not enough that the deed was tendered at any particular time, but the tender must be kept good so that it may be taken into consideration in the entry of the judgment. Plaintiff here simply shows that the tender had been made prior to the commencement of the action, and it is, therefore, insufficient excepting on the theory that the judgment could be rendered independent of the performance of his part of the contract by the vendor, which would result in allowing the vendor to keep both the money and the land. On that proposition we quote from Warvelle on Vendors, p. 961:

"There are cases, both in England and the United States, where, on the vendee's default, the vendor, having offered to perform, has been permitted to recover as damages the whole purchase price. The injustice of such a measure, however, is apparent on its face, for it gives the vendor his land as well as its value, and is not now regarded as a correct rule in either country."

The rule in such cases is, that the vendor has a right to the fruits of his bargain and is entitled to compensation for any loss he may suffer by reason of its non-consummation. What his damages are in such circumstances must be alleged and proven like any other fact in the case. Under one set of circumstances the measure of damages might be

one thing, and under other circumstances the measure might be governed by an entirely different rule. The land may have deteriorated in value and his damages would be great, or it might have increased in value and the damages would be nominal. As is well argued by the appellant in this case, so far as the complaint reveals, the land may be worth as much or more than it was when the agreement was executed, and the respondent, having received an advance payment which is forfeited, may actually be benefited. The cases cited in Warvelle fully sustain the announcement in the text, both as to the unfairness of allowing the vendor to retain the land and the money, and as to the measure of damages.

In *Old Colony Railroad Company v. Evans*, 6 Gray, 25, it was held that, in an action at law by the vendor to recover damages for the breach of a contract for the sale of land, the measure of damages is not the contract price, but the difference between that price and the price for which the land could have been sold at the time of the breach. Under this rule, which seems to us to be an equitable one, and one which is adopted by many courts, the complaint is plainly deficient. The case last above cited also holds, that a vendor may enforce in equity the specific performance of a written contract for the sale of land. In fact, the prevailing modern authority is, that in a case of this kind the vendor can either sue at law for damages or resort to equity for specific performance.

Mr. Pomeroy, in his work on Contracts, page 6, bases his adherence to this doctrine on the ground of mutuality. The remedy which is enjoyed by one party to a contract must be enjoyed by the other, and as an example he gives the simplest form of contract for the sale of land, when the vendor agrees to convey and the purchaser merely promises to pay a certain sum as the price; since the latter may, by a suit at equity, compel the execution and delivery of

the deed, the former may also, by a similar suit, enforce the undertaking of the vendee, although the substantial part of his relief is the recovery of money.

"A suit in equity against the vendee to compel a specific execution of a contract of sale, while in effect an action for the purchase money, has nevertheless always been sustained as a part of the appropriate and acknowledged jurisdiction of such court, although the vendor has, in most cases, another remedy by an action at law upon the agreeement." Warvelle on Vendors, pp. 779–80, and cases cited.

So that, considering it either as a legal or equitable action, and considering the complaint amended so as to incorporate the allegations of tender, sought to be set up in the reply, the action must equally fail; for the complaint on its face shows such a delay on the part of the respondent in bringing his action; that, unexplained, it amounts to a waiver of respondent's rights under the contract and an acceptance of the forfeiture.

"The court of chancery was at one time inclined to neglect all consideration of time in the specific performance of contracts for sale, not only as an original ingredient in them, but as affecting them by way of laches. But it is now clearly established that the delay of either party in not performing its terms on his part, or in not prosecuting his right to the interference of the court by the institution of an action, or, lastly, in not diligently prosecuting his action when instituted, may constitute such laches as will disentitle him to the aid of the court, and so amount, for the purpose of specific performance, to an abandonment on his part of the contract." Fry, Specific Performance of Contracts, § 1070.

"The doctrine of the court thus established, therefore, is that laches on the part of the plaintiff ( whether vendor or purchaser), either in executing his part of the contract or in applying to the court, will debar him from relief. 'A party cannot call upon a court of equity for specific performance,' said Lord ALVANLEY, M. R. (u), 'unless he has shown himself ready, desirous, prompt and eager,' or, to

use the language of Lord CRANWORTH, 'Specific perform-ance is relief which this court will not give, unless in cases where the parties seeking it come promptly, as soon as the nature of the case will permit.'" § 1072, *Id.*

To the same effect, Pomeroy on Contracts, § 408, and cases cited.

It is true that a few of the states, notably Ohio, hold that the laches must fall outside of the statutes of limita-tion; but the great weight of authority, as we have been able to gather it from the cases, is to the contrary, and re-lief has been refused on the principle that acquiescence for an unreasonable length of time after the party was in a situation to enforce his right under the full knowledge of the facts, was evidence of a waiver or abandonment of right.    And what shall be deemed a reasonable time must be determined from the circumstances of the case; six months in some cases might be as unreasonable as six years in others.

It must be borne in mind that a distinction is made in the discussion of the cases between the cases where time is made the essence of the contract and where it is not; and the conclusion deduced from the authorities is that, where time is made the essence of the contract, the ap-parent delay or omission of duty must be explained or the relief will not be granted.

In this case time was made the essence of the contract by express terms.    The complaint shows that there was no attempt to enforce the claim until two years and three months after the contract matured, and makes no explana-tion whatever for the delay.    Nor are the averments of the complaint strengthened by the proofs; for the proofs show that no demand of any kind whatever had been made on the part of respondent until the day the suit was brought.    The respondent should not be allowed to spec-ulate in values, so far as this contract is concerned; to

wait and see whether the value of the land would enhance or depreciate before he made his election either to enforce the performance or accept the forfeiture.

We think the provisions of this contract that, "if the said party of the second part, his heirs, administrators or assigns, shall fail to pay the full amount of either of the above specified installments and interest when the same shall become due as above specified, the said party of the first part shall have the right at their option to rescind and cancel this agreement, and in case of such recission and cancellation, all rights of the said party of the second part, his heirs and assigns, shall be terminated, and all payments heretofore made on this contract shall be forfeited," fairly construed, guarantees to the respondent a right which it must exercise at the maturity of the contract; the time when he would have a right to make the election; and as he did not proceed to enforce the contract, the appellant had a right to presume that inasmuch as he had taken no affirmative action by tendering the deed, he had elected the remedy which was consistent with silence, namely, the acceptance of the forfeiture; and considering the rapid changes in value of the real estate in this country, we think an unexplained delay of two and a quarter years ought to prevent the respondent from asserting his claim in a court of equity.

The complaint, therefore, being insufficient, either at law or equity, appellant's demurrer should have been sustained. This conclusion renders unnecessary the discussion of the other errors assigned. For the reasons given, the judgment will be reversed with instructions to sustain appellant's demurrer to the complaint.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.