[No. 5444. Decided March 27, 1905.]

HENRY W. STEIN *et al., as Executors of the Last Will of C. A. White, Deceased, Respondents,* v. ALBERT WADDELL *et al., Appellants.*[1]

VENDOR AND PURCHASER—COVENANT TO PAY TAXES AND IMPOSITIONS—DEBTS OF VENDEE—BREACH OF CONTRACT. The agreement by vendees under a contract of sale to pay all taxes and impositions against the property is limited to charges against the interests of the vendors, and is not a covenant to pay their own debts, so as to make liens against, or an execution sale of, the vendees' interests a breach of the contract of sale.

PLEADING—APPEAL AND ERROR—REVIEW—WAIVER OF DEMURRER. Where a waiver of a demurrer is not aided by the proof, it is immaterial on appeal whether the demurrer was waived or not.

EXECUTORS AND ADMINISTRATORS—CONTRACTS—PLEADING—COMPLAINT FAILING TO ALLEGE APPOINTMENT—SUFFICIENCY—DEMURRER. In an action by executors upon a contract entered into with them as such, the complaint is sufficient, as against a general demurrer, although it fails to show by what court they were appointed executors, since they would prima facie have the right to enforce it.

[1] Reported in 80 Pac. 184.

APPEAL AND ERROR—BRIEFS—OBJECTIONS, WHEN TO BE RAISED—
WAIVER. A point first suggested in the reply brief, and not dis-
cussed, will not be considered on appeal.

SAME. In an action to declare a forfeiture of a contract of
sale for defaults in payment, a default as to interest not claimed
in the complaint and first advanced in the briefs, will not be
considered on appeal.

VENDOR AND PURCHASER—CONTRACT OF SALE—CONSTRUCTION—
MUTUAL AND DEPENDENT COVENANTS—ACTION FOR FORFEITURE—
TENDER OF CONVEYANCE. The covenants, in a contract of sale of
real estate, on the part of the vendors to convey the property and
take back a mortgage upon the payment of the second install-
ment, and on the part of the vendees to make such payment, are
mutual, concurrent and dependent, although the contract provides
that the vendees "shall first pay," and time is made of the es-
sence of the contract; and no action to declare a forfeiture of the
contract, for nonpayment of the installment, can be maintained
by the vendors without executing and tendering a deed.

SAME—INCUMBRANCES CREATED BY VENDEE—EXCUSE FOR FAILURE
TO TENDER CONVEYANCE. Where the mutual covenants in a con-
tract of sale obligate the vendor to tender a conveyance by war-
ranty deed, before declaring a forfeiture for nonpayment of the
purchase price, incumbrances created by the vendee after the sale
do not constitute a breach of the warranty, nor excuse the vendor
from making the tender.

SAME—FORFEITURE FOR NONPAYMENT OF PRICE—ACCEPTANCE OF
PARTIAL PAYMENT—FAILURE TO TENDER DEED—EQUITY. Where
$5,000 was paid down on the purchase price of land, sold for
$20,000, and six weeks after the second installment of $5,000 fell
due, the vendors accepted partial payment of the same, and three
weeks thereafter the vendors sued for a forfeiture without making
a tender of the conveyance agreed upon in the contract upon
payment of the second installment, equity should insist upon a
strict compliance with the contract by the vendors, and the action
will be dismissed.

Appeal from a judgment of the superior court for King
county, Bell, J., entered April 8, 1904, upon findings in
favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action to declare a forfeiture
of a contract for the sale of land. Reversed.

*Will H. Thompson* and *Victor E. Palmer,* for appellants.

*Charles E. Patterson,* for respondents.

RUDKIN, J.—On the 3d day of February, 1903, the plaintiffs and the defendants, Waddell and wife, entered into a contract for the sale of real estate, the material parts of which are as follows:

"That, if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned, on his part to be made and performed, the said parties of the first part hereby covenant and agree to convey, by a good and sufficient warrantee deed, guaranteeing property free from all mortgages, taxes, judgments, liens or any other incumbrance, the following lots, pieces or parcels of land, situated in the county of King, state of Washington, and more particularly described as follows, to wit: [Here follows description.]

"And the said party of the second part hereby covenants to purchase said land, and agrees to pay to said parties of the first part the sum of twenty ($20,000.00) thousand dollars, in the manner following: Five thousand ($5,000) dollars upon the delivery of these instruments properly signed, sealed and acknowledged; five thousand ($5,000) dollars more on or before August 3rd, 1903; ten thousand ($10,000) dollars more on or before February 3rd, 1904; making a total of twenty thousand ($20,000) dollars, the full amount of the purchase price.

"The parties of the first part hereby agree with the party of the second part that they will, upon the payment of $10,000.00, give a warranty deed and take a note and first mortgage for the balance due: namely, $10,000.00, said note and mortgage to be due and payable on or before February 3rd, 1904. Parties of the first part hereby agree that second party shall have the right to plat said tract of land into an addition, and upon the payment of the sum of $225.00 per lot they hereby agree to release any lot in said tract when platted, from the lien they now

hold against said tract. All payments which are to fall
due after the execution of this instrument, to draw inter-
est at the rate of seven (7) per cent per annum, payable
semi-annually on each of said installments until the full
payment thereof: second party to pay all taxes, assess-
ments and impositions that may be legally levied or im-
posed upon said lot; and in case of failure of the said
party of the second part to make either of the payments
or perform any of the covenants on his part, this contract
shall be forfeited and determined at the election of the
said parties of the first part; and the said party of the
second part shall forfeit all payments made by him on this
contract, and such payments shall be retained by the said
parties of the first part in full satisfaction and liquidation
of all damages by him sustained; and they shall have the
right to re-enter and take possession of said land and
premises and every part thereof.

"It is mutually agreed that time is and shall be the
essence of this contract and that all covenants and agree-
ments herein mentioned shall extend to and be obligatory
upon the heirs, executors, administrators and assigns of the
respective parties."

The defendants, Waddell and wife, paid on account of
this contract the sum of $5,000 at the time of its execu-
tion, and thereafter paid the sum of $900 in install-
ments of $225, at various times, the last installment
being paid on the 18th day of September, 1903. On the
10th day of October, 1903, this action was commenced
for the purpose of declaring a forfeiture of said contract.
Among the grounds of forfeiture were, the nonpayment
of the balance of the $5,000 due August 3, 1903, with in-
terest; the nonpayment of taxes; an execution sale of the
interest of the Waddells in the property, on a judgment
in favor of a third party; the filing of numerous liens
against the property by third parties who had performed
labor and made improvements at the instance of the Wad-

dells; agreements on the part of the Waddells to sell portions of the land, etc.

It was not claimed that any taxes had been allowed to accumulate against the property, after the sale and before the commencement of the action, and it cannot be seriously claimed that the other matters, above referred to, constituted any breach of the contract of sale. The Waddells agreed to pay all taxes, assessments, and impositions that might be levied or imposed upon the property, but this covenant is clearly limited to impositions which would be a charge against the vendors' interest in the property, and was not a covenant that the purchasers would pay their own debts or discharge obligations for which they and their interest in the property were alone liable.

The complaint alleged that the interest and claim of the plaintiffs were paramount to all the claims above set forth, and the court so found. This is unquestionably true, so that the only breach of the contract of sale shown by the complaint was the failure of the Waddells to pay the balance of the $5,000 installment due on August 3, 1903, with interest. The plaintiffs had judgment below according to the prayer of their complaint, and the defendants, Waddell and wife, appeal.

There is some question in the record as to the waiver of a demurrer interposed by the appellants, but, inasmuch as the defect in the complaint, if any, was not aided by the proof, it is immaterial whether the demurrer was waived or not. The main contention urged by the appellants is that the complaint does not state facts sufficient to constitute a cause of action, for two reasons: first, because it does not show by what court, if any, the respondents were appointed executors; and, second, because it does not allege that the respondents performed, or offered to perform, their part of the contract. We think the complaint

is sufficient on the first point as against a general de-
murrer.   *Waldo v. Milroy,* 19 Wash. 156, 52 Pac. 1012.
The appellants contracted with the respondents as execu-
tors and this, prima facie at least, would give the executors
a right to enforce or forfeit the contract, by suit or other-
wise.   It is also suggested in the reply brief that the trust,
created by the will of which the respondents are executors,
is void, but this question was not discussed, and will not
be considered on this appeal.

The argument in support of the second point is, that
the covenant on the part of the respondents to convey
the property and take a mortgage back, upon the payment
of the second installment due under the contract, and the
covenant on the part of the appellants to make such pay-
ment, are mutual, concurrent and dependent, and that the
respondents must perform the contract on their part, or,
in other words, must execute and tender a deed before they
can maintain an action upon the contract, or to declare a
forfeiture thereof.   In suits in equity for specific perform-
ance, and in actions at law to recover the purchase price,
this rule is firmly established by the authorities.    *Bank of
Columbia v. Hagner,* 1 Peters 455, 7 L. Ed. 219; *Ackley
v. Elwell's Adm'rs,* 10 N. J. L. 361; *Robinson v. Har-
bour,* 42 Miss. 795, 97 Am. Dec. 501, 2 Am. Rep. 671;
*Frink v. Thomas,* 20 Ore. 265, 25 Pac. 717, 12 L. R. A.
239; *Egbert v. Chew,* 14 N. J. L. 447; *Hogan v. Kyle,*
7 Wash. 595, 35 Pac. 399, 38 Am. St. 910.   The re-
spondents contend that this rule should not obtain in this
case for several reasons which we will now consider.

It is first claimed that the covenants in this agreement
are independent.   A court will not readily presume that
a vendor intends to part with his title without receiving
the purchase price, or that the purchaser intends to part
with his purchase money without receiving a deed.   In

other words, a covenant to convey and a covenant to pay the purchase price will be held to be concurrent and dependent, unless the contrary clearly appears to have been the intention of the parties, and the use of the words, "shall first pay," as in this case, has no particular significance. Under the authorities above cited, we think that the covenants in this case are clearly concurrent and dependent.

It is further claimed that there was, also, a default in the payment of the semi-annual interest due on the last payment, amounting to the sum of $350. In answer to this contention we need only say that this claim was advanced for the first time in the respondents' brief. No such claim was made in the complaint.

It is further claimed that the respondents could not give a warranty deed by reason of the encumbrances against the property, as set forth in the complaint. We do not agree with counsel that encumbrances created or suffered by a purchaser, under a contract of sale, constitute a breach of the warranty contained in the vendor's deed which is given in pursuance of the contract of sale. Furthermore, if the demand for the payment of the purchase money due was insufficient, the demand to discharge the encumbrances would fail for the same reason.

The main contention is that the rule above announced does not apply in an action brought for the purpose of declaring a forfeiture of a contract. We cannot agree with this contention. If a vendor in default cannot maintain an action on the contract, *a fortiori* he should not be permitted to maintain an action to declare a forfeiture. *Frink v. Thomas, supra,* was an action brought to cancel or forfeit a contract. In answer to the claim here made, the court says:

"As a general rule, a party who asks for the rescission of a contract for the sale of real estate must be himself without fault; and when, as in this case, the payment of the purchase money and the making or tender of the deed are to occur simultaneously, they are regarded as mutual and concurrent acts, which disable either party from putting an end to the contract, without performance or a valid offer to perform on his part, and, so far as the question of time is concerned, both parties, after the day provided for the consummation, may be considered equally in default, and neither can hold himself discharged from the obligation of complete performance, until he has tendered performance on his own side and demanded it on the other."

The respondents in this case did not insist on a strict performance by the appellants. They accepted a partial payment on the contract some six weeks after the cause of forfeiture accrued, and within three weeks thereafter this action was brought. Under such circumstances, a court of equity should insist upon a strict compliance with the terms of the contract, on the part of one invoking its aid to declare a forfeiture. The complaint was insufficient, and the proofs did not aid it.

The judgment is therefore reversed, with directions to dismiss the action.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

ROOT and CROW, JJ., took no part.