[No. 5021.   Decided April 28, 1905.]

FRYE-BRUHN COMPANY, *Appellant*, v. S. R. McGOWAN, *Respondent.*[1]

CONTRACTS—AGREEMENT TO ASSIGN ACCOUNT—OPTION—DEFAULT
—FORFEITURE—LACHES OF ASSIGNOR UPON DEFAULT. OF ASSIGNEE.
A contract to assign an open account against a third party,
upon the payment of $1,000, in installments, providing that time
shall be of the essence, and that the assignor, upon default in
any payment, shall have the right to terminate the contract and
apply the payments made upon the account, is in the nature
of an option which can be enforced by the assignor only upon
delivering an assignment of the contract before default or within
a reasonable time thereafter; and where only $300 was paid and,
five years after default, the assignor left an assignment of the
account at the store of the assignee, the laches of the assignor,
in not delivering the assignment until after the account was
outlawed, terminated the agreement, as though he had declared
a forfeiture upon default in payment.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered August 17, 1903, upon grant-
ing a nonsuit, at a trial before the court and a jury, dis-
missing an action to recover a balance due on contract.
Affirmed.

*J. L. Corrigan* and *Million & Houser* (*Piles, Donworth
& Howe,* of counsel), for appellant.

*Smith & Brawley,* for respondent.

MOUNT, C. J.—This action was brought to recover a
balance due upon a written contract, as follows:

"AGREEMENT.

"Whereas, D. W. Felt of the city of Fairhaven, Wash-
ington, is indebted to the Frye-Bruhn Company, a cor-
poration, in the city of Seattle, Washington, in the
sum of seventeen hundred fourteen and 20-100 dollars

1Reported in 80 Pac. 761.

($1,714.20), on open account for meats and butcher's goods sold and delivered, and whereas said S. R. McGowan of the city of Fairhaven is desirous of purchasing said account against said Felt.

"Now, therefore, this agreement made and entered into this 8th day of December, 1896, by and between said Frye-Bruhn Company, and by and through its attorney John B. Wright, party of the first part, and S. R. McGowan, party of the second part,

"Witnesseth, that for and in consideration of one thousand ($1,000), dollars to be paid to the party of the first part by the party of the second part, at the times and in the manner hereinafter specified, the said party of the first part agrees to sell, assign, transfer and set over by proper instruments of assignment its account against the said D. W. Felt in the sum of $1,714.20.

"In consideration of said assignment and transfer of said account to him, said party of the second part hereby agrees and binds himself to pay to said Frye-Bruhn Company, its agents or attorneys, the sum of one thousand ($1,000) dollars, at the times and in the manner following: (1) The sum of one hundred seventy-five ($175) dollars, in warrants, the receipt of which is hereby acknowledged. (2) The sum of one hundred twenty-five ($125) dollars in cash on Friday, December 11th, 1896. (3) The sum of two hundred ($200) dollars in cash on or before March 1st, 1897. (4) The sum of two hundred fifty ($250) dollars in cash on or before May 1st, 1897. (5) The sum of two hundred fifty ($250) dollars in cash on or before July 1st, 1897.

"It is further expressly understood and agreed that time is of the essence of this agreement, and that if the party of the second part shall fail or neglect to make the payments aforesaid, at the time and in the manner above specified, the party of the first part shall have the right to terminate this contract and apply the payments theretofore made by second party toward the indebtedness of said D. W. Felt, to wit, upon said account. And the party of the second part shall have no claim at law or in equity

against said party of the first part on account of any payments made thereunder.

"In witness whereof the parties hereto have subscribed these presents, the first party by and through its attorney aforesaid the day and year first above written.     [Duly signed.]"

The complaint alleges, that, by the terms of said contract, defendant became indebted to plaintiff in the sum of $1,000, no part of which has been paid, excepting only the sum of $300; that on June 14, 1903, plaintiff assigned, transferred, and set over to the defendant an itemized statement of plaintiff's account against said D. W. Felt; that the said assignment was then delivered to and accepted by defendant; that plaintiff has fully complied with all the terms and conditions of the written contract.  The prayer is for a balance of $945.  The answer of defendant admitted the making of the contract, and denied all the other allegations of the complaint, and pleaded two affirmative defenses, which are not involved in this appeal.  The cause was tried to a jury.  After plaintiff had introduced its evidence and rested, defendant moved for a nonsuit, which motion was sustained by the trial court, and the action dismissed.  Plaintiff appeals.

The evidence of the plaintiff shows that the defendnant made the first three payments at the time they became due.  The last payment was made on March 1, 1897; no payments were made thereafter.  On the 14th day of January, 1903, plaintiff's attorney delivered an assignment of the account against D. W. Felt to defendant, at his store at La Conner.  The account against Felt begins in November, 1893, and extends to September, 1896, this latter date being the date of the last credit thereon.  The foregoing is, in substance, all the evidence in the case. It is not shown that defendant accepted the assignment of the account, or

agreed to pay the balance of the $1,000 when the assignment was delivered at his store in January, 1903, except as the mere fact that the account was delivered may be construed as an acceptance and agreement to pay.

The whole case, in our opinion, depends upon the construction of the contract above set out. Respondent contends that the contract is no more than an option on his part, which could be enforced by the appellant only after the assignment of the account to the respondent before a default in payment, or within a reasonable time after such default. We think this position must be sustained. The contract was obligatory upon the appellant only in case the payments were made as stated. Time was made of the essence of it, and, in case the respondent defaulted, the amounts theretofore paid were to be forfeited and credited upon the open account with Felt, and respondent had no recourse for payments made thereon. Appellant was not obligated to transfer the account of Felt until the $1,000 was fully paid. The facts show that respondent made the first three payments. The last payment was made March 1, 1897. The next one was due May 1, 1897. It was not paid. No demand was made for it. Appellant thereafter did nothing, until January 14, 1903, when, for the first time, appellant executed the assignment of the account, and left it with respondent at his store. After default in payment by the respondent, and after the appellant had waited for a period of more than five years, his laches must be held to have effected a termination of the contract, as clearly and fully as though he had, by word of mouth, declared a termination upon default in the payment due May 1, 1897. The rule in *Hogan v. Kyle*, 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910, is in point in this case. It is true that was a case where real estate was involved, but the provisions of the contracts, and the

forms of the actions, are almost identical. The reason for the rule in this case is much stronger than in *Hogan v. Kyle,* because there the purchaser would have received some value for his money, while in this case the appellant held the account until the statute of limitations had evidently run against it before there was any offer to transfer it to respondent.

The judgment is affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.