[No. 6780.   Decided November 19,· 1907.]

M. B. BRUGGEMANN, *Respondent*, v. C. H. CONVERSE
*et al., Appellants.*[1]

SPECIFIC PERFORMANCE—CONDITIONS PRECEDENT—VENDOR AND PURCHASER—RESCISSION BY VENDOR—TENDER. A tender of performance by the vendee is not a condition precedent to an action for specific performance of a contract to sell land, where, before the time for performance had arrived, the vendor declared a rescission and repudiated the contract.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 17, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the

[1]Reported in 92 Pac. 429.

court without a jury, in an action for specific performance of a contract to convey real estate. Affirmed.

*James Kiefer*, for appellants.

*Douglas, Lane & Douglas*, for respondent.

DUNBAR, J.—The defendants were the owners of certain property in the city of Seattle, and on May 4, 1906, entered into the following contract:

"Seattle, Wash., May 4, 1906.

"Received of M. B. Bruggemann, as earnest money on account of purchase of the following described real estate, situate in King county, state of Washington, to-wit: Lot 5, block 5, division No. 1, Capitol Hill, sold for the sum of thirty-four hundred ($3,400.00) dollars, on the following terms of payment: $100.00 cash as above, $1,300.00 within ninety days, balance of $2,000.00 on or before May 1, 1908, all with 6 per cent annual interest from May 1, 1906. Abstract of title to be furnished without delay, and the form of conveyance is to be warranty deed, delivered within ninety days thereafter upon receipt of cash payments, and the securities for deferred payments. And it is agreed and understood by said purchaser that if the title is not good, and cannot be made good, this agreement shall be void, and the vendor shall not be liable for any damages, and the said sum of $100.00 dollars earnest money, paid by the purchaser, shall be returned to them. If the title is found to be good, and nevertheless not accepted by said purchaser ( the deed being tendered), within the time as herein named, said earnest money is forfeited as the consideration paid for this agreement, and the owner of said premises shall be considered to have fully performed on his part and may declare this contract terminated. Time is made the essence of this agreement. Property to be free and clear of all incumbrances. (Signed and witnessed.)"

The appellants having refused to execute the deed for the land, for the alleged reason that the terms of the contract had not been complied with by the respondent, action was brought for specific performance.

The court found the contract as set forth above; that the title to the property had been accepted by the plaintiff; that

subsequently and on the 1st day of August, 1906, plaintiff
tendered to defendants in the city of Seattle, King county,
Washington, the sum of $1,300, in gold coin of the United
States, the same being a portion of the purchase price as
agreed upon in the contract, and tendered to the defendants
a note signed by himself and wife in the sum of $2,000, pay-
able on or before May 1, 1908, with interest at the rate of
six per cent per annum from May 1, 1906, and a mortgage
on said real estate above described, securing said note; that
said note and mortgage were duly signed, executed, and ac-
knowledged by the plaintiff and his wife; that the plaintiff
further tendered to defendants a deed to be signed and ac-
knowledged by the defendants conveying said property to
the plaintiff, and demanded that the defendants perform their
said contract and convey said property to the plaintiff; that
the defendants at no time made any objections to the tender
above mentioned or to the securities offered by the plaintiff
to the defendants, but refused to convey said property as
provided in said contract, and have failed to tender per-
formance on their part of any of the obligations in said con-
tract; that they have failed, neglected, and refused to carry
out their contract, and failed and refused to accept the
money tendered or to accept the note and mortgage, and have
served upon plaintiff a notice in writing declaring the afore-
mentioned contract rescinded and annulled, and have in all
things failed, neglected, and refused to perform their contract
for the sale of said real estate; that the plaintiff has paid into
court the sum of $1,300 for the purpose of keeping his said
tender, and that the plaintiff has at all times been ready and
willing to pay to the defendants the moneys mentioned in said
contract to be paid, and to deliver to the defendants the securi-
ties agreed upon for the balance of the purchase price of
said property, and that the plaintiff has in all things fully
performed his contract in the matters and things by him to
be done and performed. A judgment was entered for specific
performance and, in case specific performance could not be

made by reason of the defendants having incapacitated themselves, judgment for damages in the sum of $400 in addition to the $100 originally paid. From this judgment this appeal is taken.

It can readily be seen that, if the facts found by the court are justified by the testimony, the appellants have no defense to this action. But it is earnestly contended by the appellants, that the material findings of the court are not justified by the testimony; that the testimony of the respondent in many material respects was flatly contradicted by the testimony of the appellant C. H. Converse, and that the whole record shows that the testimony of respondent was so inconsistent with admitted facts that it was rendered unworthy of belief. We have carefully read all the testimony, the case being here for trial *de novo*, and are unable to arrive at the conclusion reached by the learned attorney for the appellants, but on the other hand are convinced that the facts found by the trial court are fully justified by the testimony; and without specially reviewing the testimony in this opinion, we are. convinced that the respondent in fairness met all the obligations of his contract, while it was the studied effort of the appellants to prevent the performance of the contract. According to the terms of the contract, the deed should have been tendered by the appellants. This according to his own testimony was not done at any time before he attempted to rescind, or at all. The right to rescission, it seems to us, was, in effect, based more upon his delinquencies than upon those of the respondent.

The contention that the tender was not sufficient seems to us to be trivial. But even if it were not technically sufficient, the tender was not necessary in this case for, before the time within which the money was to be paid had expired and before tender of deed was made, the appellants had declared a rescission and had refused to convey, although the respondent in his anxiety to consummate the contract had prepared a

deed which he tendered to the appellants, asking them to execute it. It is universal authority that it is not necessary to continue a tender when the party for whose benefit the tender has been made repudiates the contract, for the reason that the law will not compel anyone to do an idle thing. The appellants, not having complied with the requirements of the contract in tendering a deed which was by the terms of the agreement made a condition precedent to receiving the purchase price, will not be heard to complain that the other party to the contract has violated its conditions. We decided in *Stein v. Waddell*, 37 Wash. 634, 80 Pac. 184, that, where a rescission of a contract was sought by the vendor who had not made a tender of the conveyance agreed upon in the contract, equity should insist upon a strict compliance on the part of one invoking its aid to declare a forfeiture.

Without particularizing, the testimony as a whole convinces us that the numerous contentions of the appellants are without merit, and that the objections made by the appellants to the acts of the respondent are mere quibbles, without substance, were made solely for the purpose of preventing a compliance with the contract, and are offered simply as a pretext for the noncompliance with the terms of the contract on his part.

The judgment should be affirmed.

HADLEY, C. J., MOUNT, CROW, and ROOT, JJ., concur.