[No. 7173.  Decided June 15, 1908.]

J. T. VOIGHT, *Appellant,* v. FIDELITY INVESTMENT COMPANY, *Respondent.*[1]

VENDOR AND PURCHASER — CONTRACT — CONCURRENT COVENANTS — FORFEITURE—TENDER OF DEED—NECESSITY.  In a contract of sale of land, a covenant to convey and a covenant to pay the first installment are not concurrent, where the deed was not to be made until years after on payment of the last installment, and tender of a deed is not necessary before forfeiture for nonpayment.

SPECIFIC PERFORMANCE—FORFEITURE—EXCUSE FOR DEFAULT.  Specific performance of a contract cannot be asked by a vendee who had refused to accept the contract for a defect in the description, after forfeiture by the vendor on account of such refusal.

VENDOR AND PURCHASER—CONTRACT TO CONVEY—ABANDONMENT— FORFEITURE—SPECIFIC PERFORMANCE.  A contract for the conveyance of land must be considered abandoned by the vendee, where, after making a payment of $100 and agreeing to pay $100 every six months, and all taxes, he made no further payments, paid no taxes, and quit the possession, for three years, and service of declaration of forfeiture upon him had become difficult by reason of his change of residence; hence specific performance will not be decreed upon his subsequent offer to perform.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 14, 1907, upon granting a nonsuit, after a trial on the merits before the court without a jury, dismissing an action for specific performance.  Affirmed.

*John E. Humphries* and *Geo. B. Cole,* for appellant.

*E. R. York,* for respondent.

DUNBAR, J.—This is an action by the appellant against the respondent, to enforce specific performance of a contract for the sale of real estate.  The contract of sale upon which the complaint was based was made and entered into on the 8th day of September, 1903, and was, in substance, to the

[1]Reported in 96 Pac. 162.

effect that the defendant contracted to sell certain land in King county to the plaintiff for the sum of $1,000, $100 to be paid down at the office of the defendant, $100 on the 10th day of each and every sixth month thereafter until the sum of $1,000 had been paid in full, together with interest at the rate of seven per cent per annum on all unpaid sums, interest to be paid semi-annually; the plaintiff contracting to pay all taxes and assessments which would thereafter be lawfully imposed on said premises, beginning with the taxes for the year 1903, the year in which the contract was made; providing that all improvements should remain upon the premises described, and providing that, in case of the punctual payment by the plaintiff of the payments therein stipulated to be made, the defendant would execute a deed to the plaintiff for the land described; providing specially that time was declared to be of the essence of the contract.

The complaint set forth in substance the terms of the contract, and alleged that plaintiff had expended more than $200 upon the land described, that he notified the defendant that he was ready, able, and willing to comply with the terms of the contract on his part, and that the defendant failed and refused to comply with the contract. Plaintiff demanded that the defendant be required to deed to plaintiff the land in dispute, and that on its failure to do so, he have judgment against it for $500 profit which he claimed, and for $200 expenses and interest, and for the $100 paid, with interest from time of payment. The answer admitted the execution of the contract, alleged that the plaintiff had wholly failed and refused to make the payments specified in the contract, or to pay the taxes specified therein, and denied many of the matters set up in the complaint. It also alleged the abandonment of the premises and of the contract by the plaintiff. The reply put in issue the affirmative matters of the answer. Upon the trial of the cause by the court, and upon the completion of the introduction of testimony by the

plaintiff, defendant moved for a nonsuit, which nonsuit was granted by the court. Judgment of nonsuit was entered and appeal follows.

The appellant relies upon the case of *Stein v. Waddell*, 37 Wash. 634, 80 Pac. 184, where it was held that the covenants in a contract of sale of real estate on the part of the vendors to convey the property and take back a mortgage upon the payment of the second installment, and on the part of the vendees to make such payment, are mutual, concurrent, and dependent, although the contract provides that the vendees shall first pay; and that no action to declare a forfeiture of the contract for nonpayment of the installment can be maintained by the vendors without executing and tendering a deed. But in this case the respondent was under no obligation to tender or execute a deed until all the payments had been made, and the last of the deferred payments was not due until March, 1908, a period of two years after the commencement of this action. Consequently the covenant to convey and the covenant to pay the first installments could not be concurrent. In addition to this, the decision of controversies of this character must of necessity depend largely upon the circumstances surrounding each particular case. The cases are of equitable cognizance and the rules governing them must be more or less flexible. In *Stein v. Waddell, supra*, the action was brought to declare a forfeiture. The defendants had paid $5,000 down on a $20,000 contract. The contract was entered into on February 3, 1902, when the first payment of $5,000 was made, and the next payment of $5,000 was to be made on or before August 3, 1903, the remaining $10,000 on or before February 3, 1904, or one year from the date of the contract; and upon the payment to the grantor of the second installment, the grantor agreed to execute a deed to the grantees and take a mortgage back for the remaining $10,000. The defendants, it is true, did not make the second payment according to the strict terms of the contract, but

they had paid $900 in installments, the last installment being paid September 18, 1903, and the action to declare a forfeiture was commenced October 10, 1903, two months and seven days after the default, and only a few days after acceptance by the plaintiffs of the partial payment made by the defendants. In concluding the opinion in that case, the court said:

"The respondents in this case did not insist on a strict performance by the appellants. They accepted a partial payment on the contract some six weeks after the cause of forfeiture accrued, and within three weeks thereafter this action was brought. Under such circumstances, a court of equity should insist upon a strict compliance with the terms of the contract, on the part of one invoking its aid to declare a forfeiture."

But in this case it is easily determined from the appellant's own testimony that there was an actual abandonment of the contract, and while there was some little misunderstanding as to the description of the land at first, this cannot be urged by the appellant, for the contract that he was then objecting to is the contract which he is now seeking to compel a performance of; and it can also readily be gathered from his testimony that, by reason of changing his residence, it would have been difficult after the first few months for the respondent to have served notice of the declaration of forfeiture upon him. We think, when it was shown that the appellant had made no payments whatever which were provided for in the contract, had not paid the taxes which he had contracted to pay, and had quit the possession of the land, all for nearly three years, that the court was justified in concluding that there had been an actual abandonment of the contract on the part of the appellant, and in granting the nonsuit prayed for. In this western country, where real estate values are fluctuating, owing to the rise and fall of what are provincially termed "booms," to allow a party to contract for the purchase of land, making thereon a small payment and contract-

ing to make other payments in the near future, and to pay no attention to his covenants for a term of years until it develops whether the land is to become valuable or not, while during this time the grantor is bound by the contract, would be working an injustice upon the rights of citizens, and such a practice should not be tolerated.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, and CROW, JJ., concur.