[No. 8202. Department One. December 18, 1909.]

GEORGE W. REESE et al., *Appellants*, v. SIMON P. WESTFIELD
et al., *Respondents*.[1]

VENDOR AND PURCHASER — CONTRACT — FORFEITURE — DEPENDENT
AGREEMENTS. Where land was sold under a time contract for pay-
ment by installments, time being of the essence, and by the con-
tract the vendor agreed to give an abstract, continued to date of
delivery of the deed, and all the intermediate installments were paid,
the vendor cannot declare a forfeiture for failure to pay the last
installment when due, unless he has put the vendee in default by
tendering the abstract and deed; since the acts agreed upon are con-
current, and the agreements mutual and dependent as regards the
final payment.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered September 21, 1908, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to recover pos-
session of real property. Affirmed.

*William B. Bridgman*, for appellants.

*Stephen E. Chaffee* and *Roberts & Udell*, for respondents.

CHADWICK, J.—This appeal involves only one question of
law. In November, 1903, plaintiff George W. Reese entered
into an agreement in writing, whereby he agreed to sell to
defendant Simon P. Westfield certain lands at Sunnyside in
Yakima county. The contract was the usual time contract
for the sale of lands, and provided for the payment of the
purchase price in installments, the last payment becoming
due May 1, 1907. Defendants Milton and Door have suc-
ceeded to the interests of Westfield. A request for an exten-
sion of time was asked after the last payment had become
due, but was refused. On October 1, 1907, a forfeiture was
declared, and this action was begun to recover possession of
the property. The contract contained the following clause:

[1]Reported in 105 Pac. 837.

"Time is the essence of this contract, and in case of failure
of the said party of the second part to make either of the
payments or perform any of the covenants on his part, this
contract shall be forfeited and determined at the election of
the said party of the first part; and the said party of the
second part shall forfeit all payments made by him on this
contract, and such payments shall be retained by the said
parties of the first part in full satisfaction and liquidation
of all damages by them sustained; and they shall have the
right to re-enter and take possession of said land and prem-
ises and every part thereof.  The parties of the first part
hereby agree to give an abstract of title to said lot, continued
to the date of delivery of deed to second party."

The court made, among others, the following finding:
"That the two last payments above mentioned (being inter-
mediate payments) were made subsequent to the time on
which they became due, and were accepted by the plaintiffs."
This forbearance, coupled with the time elapsing between the
1st of May, 1907, and the 1st day of October, 1907, might
possibly bring this case within the rule of *Douglas v. Hand-
bury, ante* p. 63, 104 Pac. 1110, but the facts are not
before us, and for the sake of security in our judgment of
the case, we have deemed it best to meet the main contention
upon which appellant relies to defeat the judgment of the
court below.  The question is whether a forfeiture can be
declared as against a purchaser who had met all payments
under his contract except the last payment, when the contract
provides for the giving of an abstract and delivery of the
deed.  Appellant seeks to distinguish the case of *Stein v.
Waddell*, 37 Wash. 634, 80 Pac. 184, upon which he says the
judgment of the lower court was based, saying:

"In the case of *Stein v. Waddell* the seller had accepted a
portion of that last payment which was in default after de-
fault was made, and then a few days later declared the for-
feiture."

But the decision in that case was not made to depend alone
upon the payment of a part of the last installment.  It rested

in the stronger equity that the agreement to tender a deed was mutual, concurrent, and dependent upon the payment of the last installment due on the purchase price. This rule was there said to be firmly established by the authorities. 29 Am. & Eng. Ency. Law (2d ed.), pp. 686, 687. Such contracts are mutual and dependent when it appears that the payment and delivery of the deed are to be made at the same time. 29 Am. & Eng. Ency. Law (2d ed.), p. 689.

It is contended that the broad rule laid down in *Stein v. Waddell* was explained by the later cases, *Voight v. Fidelity Investment Co.*, 49 Wash. 612, 96 Pac. 162; *Garvey v. Barkley*, ante p. 24, 104 Pac. 1108, and *Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036. In the first case it was pointed out that there was no obligation to tender a deed until all the payments had been made, and that the last payment was not due until two years after the commencement of the action to forfeit the contract. The point here involved was not before the court. In the second case, the purchaser had wholly failed to perform the conditions of his contract, and forfeiture had been promptly asserted. In *Sleeper v. Bragdon* the purchaser had made default and had obtained an extension under an understanding that, if payment was not made within the time given, the forfeiture would be insisted upon. She was notified in advance that the vendor had elected to forfeit the contract, and she knew that, by her own act in failing to meet the extended payment, the cancellation of the contract was completed, and that she was not entitled to any further consideration or notice. Notwithstanding this she sought to tender the amount due, and demanded performance. The court held, and properly, considering the facts of the particular case, that her rights had ceased. The cases really in line with the case of *Stein v. Waddell* are *Bruggemann v. Converse*, 47 Wash. 581, 92 Pac. 429, and *Tacoma Water Supply Co. v. Dumermuth*, 51 Wash. 609, 99 Pac. 741. In the first case it was said:

"The appellants, not having complied with the requirements of the contract in tendering a deed which was by the terms of the agreement made a condition precedent to receiving the purchase price, will not be heard to complain that the other party to the contract has violated its conditions."

In the latter case, after citing *Stein v. Waddell* and other cases, the court said:

"Under the above authorities, the respondents could only claim a forfeiture and put the appellant in default by tendering a deed and demanding payment of the purchase price, and this they failed to do."

If the case of *Stein v. Waddell* and the succeeding cases to which we have referred have been hitherto misunderstood, we desire now, for the sake of certainty, to lay down the rule that, where land is sold under a time contract calling for payment by installments, and every installment has been paid except the last one, the vendor may, if he act with reasonable promptness, declare a forfeiture, unless by the terms of the contract he has agreed to perform some act necessary to the complete performance of his agreement, as, for instance, the giving of an abstract or the tender of a deed, in which event his power to forfeit depends upon his offer and ability to perform; for, as this court has said, his duty to tender performance depends upon, and is concurrent ·with, the duty of the vendee to meet the final payment.

While we admit that the conditions providing for forfeiture in contracts of this character are usually held to be for the benefit of the vendor, and we have been hitherto, and are now, willing to give the vendor the full benefit of all the conditions of his contract, and say that all payments prior to the last payment are conditions precedent, we have no sympathy with the holding of some courts to the effect that the whole duty is upon the purchaser, and unless he tenders the last payment the vendor is entirely released from any obligation to convey or tender conveyance. The covenants are independent so long as no duty is imposed on the vendor, but if any covenant puts both parties to action and concurs in time, it must be

held to be dependent and·concurrent. It seems that the log-ical sequence of the rule allowing a forfeiture for intermediate payments without tender of performance is that the last payment should not be forthcoming until the abstract and deed are tendered, when it is so provided in the contract; for it is primary law that a failure of title will relieve the vendee. Warvelle, Vendors, 813.

There is nothing in the assertion that any other rule will interfere with, or destroy, or invite a breach of, the contract as the parties have made it. What we have undertaken to show is that a tender of performance when stipulated in the agreement, as well as a tender of payment, is a part of the contract; the two engagements make the contract; the one is dependent on the other.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.