[No. 9265.   Department Two.   March 3, 1911.]

WILLIAM D. LEWIS, *Appellant*, v. ADA L. BAILEY *et al.*, *Respondents.*[1]

VENDOR AND PURCHASER—FORFEITURE—ASSIGNEE OF VENDOR—CANCELLATION OF INSTRUMENTS—PARTIES ENTITLED. Where vendors contracted to sell property in consideration of an agreement by the vendee to pay a mortgage against other property of the vendors, and after default by the vendee the vendors were compelled to make a payment on the mortgage, and subsequently conveyed their interest in the property subject to the contract of sale, "with all their rights thereunder and payments due," the assignees of the vendors are entitled to collect from the vendee the amount paid by the vendors on the mortgage, and may declare a forfeiture of the contract of sale after demand, notice, and default.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered August 12, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Reversed.

*Miller & Lewis*, for appellant.

CHADWICK, J.—Prior to August 25, 1908, Clarence Fifield and Viola Fifield, his wife, were the owners of two tracts of land in Adams county, Washington. On that day the Fifields contracted to sell one of the tracts to Ada L. Bailey, one of the defendants herein, the consideration of the said contract being that she would pay a mortgage covering all the lands owned by the Fifields, and the interest thereon, according to the terms and conditions of the mortgage. Time was made the essence of the contract. The court found: ·

"(5) That by the terms of the said mortgage a payment of interest became due thereon on December 1, 1908, for the sum of $154.40, which sum said defendant, under the terms and conditions of the said contract, promised and agreed to pay.

[1]Reported in 113 Pac. 761.

"(6)  That defendants failed and neglected to pay the said installment of interest at the time the same became due, and that said Clarence Fifield and Viola Fifield to protect their interests in said land and other lands and in order to comply with the conditions of the said mortgage so that the same should not be foreclosed, were compelled to, and did, pay the said interest due on the said mortgage.

"(7)  That on or about the 5th day of April, 1909, the said Clarence Fifield and Viola Fifield, his wife, conveyed to the plaintiff herein by deed, the land hereinbefore described, together with the other land covered by and embraced in the said mortgage made by said Clarence Fifield and Viola Fifield to the Investors' Mortgage Security Company, subject to the said contract made between the said Clarence Fifield and Viola Fifield, his wife, and defendant Ada L. Bailey and with all their rights under the said contract, which deed was on April 7, 1909, filed in the office of the county auditor of Adams county, Washington, and recorded in Book 15 of Deeds, at page 578, and that defendants had due notice of the execution and delivery of said deed.

"(8)  That the plaintiff succeeded to and is entitled to all the rights and privileges of the said Clarence Fifield and Viola Fifield, his wife, in the above described real estate, and the contract for the sale thereof, as hereinbefore set forth.

"(9)  That defendants had not on the 5th day of April, 1909, nor at the time they had notice of the execution and delivery of the said deed, paid to the said Clarence Fifield or Viola Fifield, his wife, the interest upon said mortgage, to be paid by them on December 1, 1908, according to the terms and conditions of the said contract.

"(10)  That on or about the time of the execution and delivery of the said deed by said Clarence Fifield and Viola Fifield, his wife, to plaintiff, plaintiff verbally extended the time of payment of the said sum then due from defendants under said contract to November 1, 1909.

"(11)  That on or about October 25, 1909, plaintiff notified defendants that if the payment of said interest then due and unpaid under the said contract was not made on or before November 1, 1909, plaintiff would elect to declare the said contract forfeited by defendants.

"(12)  That defendants failed, neglected and refused to pay plaintiff the said sum on or before November 1, 1909,

and still fail, neglect and refuse to pay the same, or any part thereof; that defendants have not paid the said sum to plaintiff, or to said Clarence Fifield and Viola Fifield, his wife."

Upon these findings of fact the court concluded that the defendants were entitled to a decree dismissing the action.

The only question presented is whether the plaintiff in this case as assignee of the Fifields had a right to declare a forfeiture for the nonpayment of the interest payment due December 1, 1908, and thereafter extended to November 1, 1909. It was the theory of the trial court that, the interest having been paid by the Fifields at the time they sold the land and their interest in the contract to the plaintiff, the right to recover the amount so paid did not pass to the plaintiff under the assignment, but remained as a chose in action in the Fifields. This conclusion cannot be sustained. The payment was not a voluntary payment, but was made in defense of the title, and the finding of the court that plaintiff had succeeded to all the rights and privileges of the Fifields in the real estate and in the contract is sufficient, when coupled with the following allegation in the complaint: "Clarence Fifield and Viola Fifield, his wife, conveyed to plaintiff by deed the real estate hereinbefore described, subject to the said contract, and with all their rights thereunder and payments due, or to become due thereon," which is admitted in the answer, to carry with it the right to collect all sums due under the contract or paid in defense of the title or thereafter to become due, and to declare a forfeiture for the nonpayment thereof. There being a clear default on the part of the respondents, and the appellant having declared a forfeiture in the manner sanctioned by this court (*Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036; *Voight v. Fidelity Ins. Co.*, 49 Wash. 612, 96 Pac. 162; *Garvey v. Barkley*, 56 Wash. 24, 104 Pac. 1108), he is entitled to his remedy.

Judgment reversed, and cause remanded with instructions to enter a decree upon the findings in favor of the appellant.

DUNBAR, C. J., CROW, and MORRIS, JJ., concur.