[No. 9287. Department Two. March 27, 1911.]

HOWARD H. LEWIS, *Respondent*, v. JOSEPH WELLARD, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACTS—FORFEITURE—TENDER OF PERFORMANCE—MUTUAL AND DEPENDENT OBLIGATIONS. Under a contract for the conveyance of land making the last payment and delivery of the deed mutual, concurrent, and dependent obligations, the vendor cannot declare a forfeiture for default in the last payment without making demand and tender of a deed.

Appeal from a judgment of the superior court for Stevens county, Sullivan, J., entered October 5, 1910, upon findings

[1] Reported in 114 Pac. 455.

in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Jesseph & Grinstead*, for appellant.

*J. A. Rochford*, for respondent.

MORRIS, J.—Appeal from a decree of specific performance of a contract for the sale and purchase of land. The contract was made in 1906, and provides for the sale of the land upon deferred payments, the last being due March 1, 1908, when deed was to pass. There was no express provision as to time being of the essence, nor any provision for forfeiture in case of default in payment. It was, however, provided that "this contract can be declared void by the first party (vendor) if second party violates any of the above agreements." Respondent, who is the assignee of the vendee named in the contract, failed to make the last payment due March 1, 1908, and on March 4, appellant served respondent with a notice of forfeiture, but making no demand for the payment due, nor tendering a deed. On May 3, 1910, respondent tendered appellant the amount of the last payment due March 1, 1908, with interest and taxes for the years 1907, 1908, and 1909, and demanded a deed to the land, which was refused. Respondent then brought this action, praying for a specific performance of the contract, and deposited the amount of his tender in the registry of the court. Appellant answered, pleading the default and his forfeiture. The court found for respondent, and the decree is brought here for review.

The contract made the making of the last payment and the delivery of the deed mutual, concurrent, and dependent obligations, and brings the case within the rule uniformly adopted by this court that, where obligations of such a character exist, neither party can put the other in default, or claim a forfeiture without first tendering performance on his part. Since its first announcement, there has been no de-

parture from this rule, and it must be accepted as the settled law of the state. *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184; *Bruggemann v. Converse,* 47 Wash. 581, 92 Pac. 429; *Tacoma Water Supply Co. v. Dumermuth,* 51 Wash. 609, 99 Pac. 741; *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837; *Kiefer v. Carter Contracting & Hauling Co.,* 59 Wash. 108, 109 Pac. 332; *Gottschalk v. Meisenheimer, ante* p. 299, 113 Pac. 765, 115 Pac. 79.

Appellant asserts that a different rule was announced in *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910, and it was there held that a delay, such as here found, would be fatal to the right to demand a specific performance of the contract.     It must be remembered that cases of this character are of equitable cognizance, and the rules governing them must be applied with more or less flexibility as the equities of the particular case warrant, having in mind the special facts and circumstances surrounding each case, and which call for the application of equitable principles.     With this understanding, it will be found there is nothing in the *Hogan* case which conflicts with the cases adopting the rule that a tender of performance must be made before a claim of forfeiture, where the obligations are concurrent and dependent.     In the *Hogan* case the vendor sought to recover the amount of the unpaid installments due on the contract, bringing his action over two years after the vendee had defaulted in his payments.     It was held, (1) that he could not recover the full purchase price and retain the land; (2) that he could not recover because, the obligations being dependent, it was his duty to make and keep good a tender of a deed; and (3) that as he had taken no affirmative action by tendering the deed, he had elected to accept and abide by the forfeiture; and an unexplained delay of two years and three months, time being made expressly of the essence, was laches.     These rulings in no way conflict with the rule of dependent obligations.     In fact, the case expressly announces such a rule in the second

ground of its decision, and makes the failure to observe it the basis of the laches announced in the third ruling.

The reasoning of the *Hogan* case, and of the authorities there cited, is that, the time having arrived when by the terms of the contract mutual and dependent obligations arise, it is the duty of each party to the contract to fully perform his obligation before he can put the other party in default or enforce any contract obligation against him. The vendee must tender his payment before he can declare a default against the vendor, and the vendor must tender his deed before he can declare a forfeiture against the vendee. These are the very principles upon which the rule of dependent obligations exist, and there could be no better announcement of them than in the *Hogan* case. It is not strange when the court found a vendor retaining his land, retaining the payments made, and then without performing his part of the contract, waiting over two years to enforce a liability against the vendee for the remaining payments, that such conduct hardly appealed to the conscience of the court as equitable, and that some means would be found to defeat it. A principle of law to be authoritative must be taken with its attendant facts. When it is torn from them and sought to be applied elsewhere, it loses its force and ofttimes its life. There is in *Kiefer v. Carter Contracting & Hauling Co.*, *supra*, a holding to the effect, that one who violates his contract cannot make it the basis of a recovery and pray the court to specifically perform a contract which he had not himself regarded as binding. But the court is there speaking of independent and sole covenants, and not of dependent and mutual covenants, and expressly states that such would not be the rule in the latter case.

Appellant also relies upon *Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036; *Voight v. Fidelity Inv. Co.*, 49 Wash. 612, 96 Pac. 162, and *Garvey v. Barkley*, 56 Wash. 24, 104 Pac. 1108, as supporting a denial of this decree. Those cases are reviewed and their inapplicability to the present

facts shown in *Reese v. Westfield, supra,* where, in an attempt to settle the rule in this state, it is said:

"If the case of *Stein v. Waddell* and the succeeding cases to which we have referred have been hitherto misunderstood, we desire now, for the sake of certainty, to lay down the rule that, where land is sold under a time contract calling for payment by installments, and every installment has been paid except the last one, the vendor may, if he act with reasonable promptness, declare a forfeiture, unless by the terms of the contract he has agreed to perform some act necessary to the complete performance of his agreement, as, for instance, the giving of an abstract or the tender of a deed, in which event his power to forfeit depends upon his offer and ability to perform; for, as this court has said, his duty to tender performance depends upon, and is concurrent with, the duty of the vendee to meet the final payment."

This language ought to be controlling and decisive of the question and forever put it at rest. The vendor here gave his notice of forfeiture, but he neglected to make it effectual by tendering his deed. The vendee made his tender of payment before demanding his deed, and before the forfeiture had become effectual. His failure to sooner make it cannot defeat him where the vendor has failed in the performance of his obligation, and not wholly asserted the right given him under the contract to establish the default of the vendee.

The judgment is therefore affirmed.

DUNBAR, C. J., CHADWICK, and CROW, JJ., concur.