## Hagerman's Estate.

Argued January 21, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wesley Hurst Caldwell,* of *Roper & Caldwell,* with him *A. Sidney Johnson, Jr.,* of *Greer & Johnson* and *Franklin L. Wright,* of *Larzelere & Wright,* for appellant.

*Horace Paul Dormon,* for appellee.

OPINION BY MR. JUSTICE LINN, March 25, 1935:

At the audit of the account of the executrix, the Lake Butler Villa Company, a Florida corporation, presented a claim for the balance on a contract for the purchase of land. The claim was allowed. Decedent's widow, the principal beneficiary under his will, has appealed. We need not refer to all the questions considered in the briefs, because the decision turns on a single point.

The contract provided for payment of the purchase price in three installments, $4,200 down, and the balance in two equal installments of $4,200, represented by promissory notes, payable in one and two years. The notes were not paid.

The contract provided that, "if the . . . [vendee] . . . shall first make the payments and perform the covenants herinafter mentioned on his part to be made and performed, the . . . [vendor] . . . hereby covenants and agrees to convey and assure to the . . . [vendee] . . . his heirs, executors, administrators or assigns, in fee simple, clear of all encumbrances whatever,

142

by good and sufficient deed, with abstract," certain lots of ground in Florida. It is a Florida contract to be construed according to the law of that state. To show what the law of Florida is on the point now considered, depositions of Florida lawyers were taken and put in evidence the decisions referred to by them are cited in this opinion.

In defense to the claim, the executrix set forth that the title tendered was not clear of all encumbrances; that the abstract (defined in Barclay v. Bank of Osceola County, 89 So. (Fla.) 357, 358) disclosed that there was a lien against the land in favor of the United States for income taxes payable by claimant corporation. The learned auditing judge recognized this lien, but was of opinion that "the estate would therefore have the right to pay out of any award made to the claimant, direct to the United States Government, a sufficient amount of said award to obtain a release of the lien from the lots in question of this claim for income tax." We cannot accept that view. The vendee did not agree to negotiate with the federal government for the apportionment of the government's lien between the lots to be conveyed and other land owned by claimant, assuming that the government would go into such negotiation. There is no law requiring the vendee to assume that risk and expense and nothing in the record to indicate that it would be equitable to compel it.

By the law of Florida the covenants to pay and to convey were concurrent and dependent: Sanford v. Cloud, 17 Fla. 532; Booth v. Bobbitt, 114 So. 513; (that the word "first" was used in the covenant does not change the general rule: Stein v. Waddell, 37 Wash. 634, 80 Pac. 184; Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594). Tender of a proper deed and abstract were necessary to entitle claimant to recover: Barclay v. Bank, supra; Toomer v. Chancey, 109 So. 641. The promise to convey required the vendor to convey a good title (Holland v. Holmes, 14

Fla. 390), and the contract provided it must be free of all encumbrances.

Decree reversed; costs to be paid by claimant-appellee.