[No. 7804. Decided February 9, 1909.]

## TACOMA WATER SUPPLY COMPANY, *Appellant*, v. W. M. DUMERMUTH *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER—CONTRACTS—CONCURRENT AGREEMENTS—FORFEITURE—TENDER OF CONVEYANCE. The terms of an agreement wherein the defendants were to purchase land of the state and convey a part to the plaintiff, who was to pay one-fourth of the price, are mutual, concurrent and dependent; and the defendants cannot claim a forfeiture without tender of conveyance after the title was acquired from the state.

SPECIFIC PERFORMANCE—EQUITY—LACHES—DELAY IN BRINGING SUIT. A delay of two or three months in bringing action for specific performance of a contract to convey land does not amount to laches barring the suit, where the value of the property is not uncertain and fluctuating.

VENDOR AND PURCHASER—CONTRACTS—COVENANTS—FORFEITURE FOR BREACH—DAMAGES. A contract by a vendee to build a sightly tank on the property purchased is collateral and not ground for forfeiture of the contract, the remedy for breach being an action on the covenant.

INTEREST—TENDER. Interest will not be allowed on purchase money due after sufficient tender of the sum due.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 17, 1908, in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for the specific performance of a contract to convey real estate. Reversed.

*Fogg & Fogg*, for appellant, contended that the delay on appellant's part was not so unreasonable as to amount to a

[1]Reported in 99 Pac. 741.

39—51 WASH.

waiver of its right under the contract to specific performance. 6 Pomeroy, Equity Jurisprudence, § 810; *Parkin v. Thorold,* 16 Beavan 59; Ames, Equity Cases, p. 329; *Newell v. Lamping,* 45 Wash. 304, 88 Pac. 195; *Bower v. Bagley,* 9 Wash. 642, 38 Pac. 164; *Mudgett v. Clay,* 5 Wash. 103, 31 Pac. 424; *Maris v. Masters,* 31 Ind. App. 235, 67 N. E. 699; *Sanford v. Weeks,* 38 Kan. 319, 16 Pac. 465, 5 Am. St. 748; *Munroe v. Edwards,* 86 Mich. 91, 48 N. W. 689; *Vance v. Newman,* 72 Ark. 359, 80 S. W. 574, 105 Am. St. 42; *Ellis v. Bryant,* 120 Ga. 890, 48 S. E. 352; *Hosmer v. Wyoming R. & Iron Co.,* 129 Fed. 883; 104 Am. St. 217, foot note; 12 L. R. A. 241, foot note; 26 Am. & Eng. Ency. Law (2d ed.), pp. 73, 79. And especially where the appellant was in possession of the premises in dispute under an assertion of right. *Mudgett v. Clay, supra;* 12 L. R. A. 243, foot note; 6 Pomeroy, Equity Jurisprudence, § 812; Pomeroy, Specific Performance of Contracts, § 404; Fry, Specific Performance of Contracts, § 738; *Frink v. Thomas,* 20 Ore. 265, 25 Pac. 717, 12 L. R. A. 239; *Mullens v. Big Creek Gap Coal & Iron Co.* (Tenn.), 35 S. W. 439, 441; *Waters v. Travis,* 9 Johns. 450; *Sanford v. Weeks, supra; Cranwell v. Clinton Realty Co.,* 67 N. J. Eq. 540, 58 Atl. 1030; *Hosmer v. Wyoming R. & Iron Co., supra.* The respondents could not declare a forfeiture on the part of appellant without first tendering performance and demanding payment. 6 Pomeroy, Equity; § 815; *Mudgett v. Clay, supra; Zeimantz v. Blake,* 39 Wash. 6, 80 Pac. 822; *Parkin v. Thorold, supra; Sleeper v. Bragdon,* 45 Wash. 562, 88 Pac. 1036; *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026; *Ellis v. Bryant,* 120 Ga. 890, 48 S. E. 352; *Frink v. Thomas, supra.* Equity will assume that the real intention of the parties was to create a security and not a forfeiture, and will relieve against any forfeiture or penalty inserted for the purpose of enforcing the contract. 6 Pomeroy, Equity, § 816. The obligation to convey and the obligation to pay the purchase price became mutual, concurrent and dependent, and the respondents must execute and

tender a deed before they can maintain an action upon the contract, or to declare a forfeiture thereon. *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184; *Melick v. Cross,* 62 N. J. Eq. 545, 51 Atl. 16; 2 Warvelle, Vendors, p. 824, § 8; *Mix v. Beach,* 46 Ill. 311; *Peck v. Brighton Co.,* 69 Ill. 200; *Mudgett v. Clay, supra; Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100; *Reddish v. Smith,* 10 Wash. 178, 38 Pac. 1003, 45 Am. St. 781; *Frink v. Thomas, supra.*

*H. F. Norris* and *T. W. Hammond,* for respondents. The burden was upon appellant to establish the contract with reasonable certainty. *White v. Wansey,* 116 Fed. 345; *Maloy v. Boyett,* 53 Fla. 956, 43 South. 243. The meaning and intent of the parties should be placed beyond the bounds of mere conjecture by full and clear proof. 26 Am. & Eng. Ency. Law (2d ed.), 33. The testimony of one who heard the instrument read some years before and who can give only a small portion of its contents is insufficient. 1 Jones, Evidence, § 228; *Cross v. Aby* (Fla.), 45 South. 820. One who seeks specific performance of a contract must show that he has done his full duty with reference to it. *Case v. Perrigo,* 47 Wash. 675, 92 Pac. 432; *Anderson v. Schneider,* 22 Wash. 363, 60 Pac. 1125; *Jordan v. Coulter,* 30 Wash. 116, 70 Pac. 257; 26 Am. & Eng. Ency. Law (2d ed.), 43-44, 70; Fry, Specific Performance of Contracts, §§ 608, 610; Pomeroy, Specific Performance of Contracts, § 323; 2 Story, Equity, 656. The plaintiff was in default under the terms of the contract, the provisions of which clearly show that time was of the essence of the contract. *Grey v. Tubbs,* 43 Cal. 359; *Sanborn v. Doe,* 92 Cal. 152, 28 Pac. 105, 27 Am. St. 101; *Bennett v. Hyde,* 92 Cal. 131, 28 Pac. 104; *Machold v. Farnan* (Idaho), 94 Pac. 170. The appellant has not at any time displayed that readiness and willingness to perform the contract on its part requisite to entitle it to the relief it seeks. *Fowler v. Sutherland,* 68 Cal. 414, 9 Pac. 674; *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910; *Stewart v. Yesler*

*Estate,* 46 Wash. 256, 89 Pac. 705; *Findley v. Koch,* 126
Iowa 131, 101 N. W. 766; *Boldt v. Early,* 33 Ind. App. 434,
70 N. E. 271; Fry, Specific Performance of Contracts, § 732;
3 Pomeroy, Equity Jurisprudence, §§ 455-6.

RUDKIN, C. J.—During the year 1902 the defendants held
block 26, of the subdivision of section 36, township 21, N., R.
2, E., W. M., as the same appears on the official plat of that
subdivision on file in the office of the commissioner of public
lands, under a lease from the state, by the terms of which they
were permitted to purchase the leasehold premises from the
state. In the fall of that year the plaintiff was desirous of
acquiring the west half of tract B, of this block, being about
one-fourth of the entire block, as a site for a reservoir, or
tank to be used in connection with its water system. With
this object in view, its local manager entered into negotia-
tions with the defendants, and it was agreed that, in con-
sideration of the sum of $150, to be paid by the plaintiff, the
defendants would assign their lease and contract to the plain-
tiff, in so far as it related to the west half of tract B.

It was discovered upon inquiry, however, that the state
land commissioner would not consent to such partial assign-
ment, and the parties were compelled to make other arrange-
ments. It was then agreed that the defendants would pro-
ceed to acquire title to the entire block from the state, that
the plaintiff would pay to the defendants the sum of $150,
and one-fourth of all sums the defendants might thereafter be
required to pay the state, whether as rental or on the pur-
chase price, and that, upon the defendants acquiring title to
the block, they would convey to the plaintiff the west half of
tract B. This contract was reduced to writing, but was lost
or mislaid and could not be produced at the trial. Pursuant
to this contract, the plaintiff paid to the defendants the sum
of $150 at the date of its execution, and paid thereafter the
sum of $1, being one-fourth of the annual rental for the
year 1902 or 1903. The plaintiff immediately entered into

possession of the property and constructed a tank thereon at a cost of from $800 to $900. The tank thus constructed was used continually for about a year and a half, but after that time it was simply kept in place to be used in case of emergency. In the latter part of the year 1904, the defendants exercised their option to purchase the leasehold premises, and entered into a contract with the state to that end, under the terms of which the purchase price was to be paid in ten annual installments.

In the month of September, 1906, the defendants elected to pay up the balance due under their contract, and received a deed or patent from the state on or about the 25th of that month. Under their lease and contract with the state the defendants made the following payments: September 1, 1903, rental $4; October 12, 1904, on contract of purchase, $34.50; October 21, 1904, fee for contract, $1; February 21, 1905, on contract of purchase, $41.57; March 27, 1906, on contract of purchase, $50.97; September 7, 1906, balance on contract of purchase, $248.52; fee for deed $2. The plaintiff failed to pay to the defendants one-fourth of the rental paid the state, or one-fourth of the amounts paid on the contract of purchase from September 1, 1903, until after the final payment was made and a deed received from the state. Sometimes these payments were demanded by the defendants and sometimes they were not.

When the defendants were about to make their final payment to the state, they demanded payment of the plaintiff's portion of all prior payments to enable them to make their final payment, but the plaintiff's local manager informed them that he would first have to communicate with the general office in New York city. A few days after the defendants received their deed from the state they again demanded payment of the balance due from the plaintiff, which was fixed at the sum of $107.47, but the defendants were again informed by the local manager that he would have to communicate with the home office. Further conversations were had after this be-

tween the defendants and the plaintiff's local manager, from time to time, with practically the same result, and the matter dragged along for a period of about two months. The defendants meanwhile resumed possession of the premises and began to improve and clear the same. Finally on December 20, 1906, the plaintiff tendered to the defendants the balance due on the contract and demanded a deed, but the defendants refused to accept the tender, claiming that the contract had already been forfeited for nonpayment. This action was thereupon instituted to enforce specific performance of the contract of sale. The court below dismissed the action at the plaintiff's cost, and from the judgment of dismissal the plaintiff has appealed.

There was no conflict in the testimony as to terms of the lost contract, except in two particulars; first, the respondents contended that the contract contained the usual forfeiture clause, in case the appellant should neglect or refuse to pay its portion of the purchase price when due, while the appellant contended the contrary. Respondents further contended that the appellant agreed to construct a sightly tank on the premises and that this was not done. The appellant admits that such was the oral agreement, but it is extremely doubtful whether this provision was carried into the written contract. For the purposes of this appeal, however, we may concede that the contract contained both of these provisions. Conceding that the contract contained the forfeiture clause, no forfeiture was in fact claimed or declared until after the respondents had obtained their deed from the state, nor until after the whole sum which the appellant had obligated itself to pay had become due and payable, if indeed a forfeiture was claimed at any time before the money was actually tendered. After the respondents acquired their deed from the state, their obligation to convey and the obligation on the part of the purchaser to pay the purchase price became mutual, concurrent and dependent, and neither party could thereafter put the other in default or claim a forfeiture without first tender-

ing performance on his part; and this, whether the contract contained a forfeiture clause or not. *Mudgett v. Clay*, 5 Wash. 103, 31 Pac. 424; *Underwood v. Tew*, 7 Wash. 297, 34 Pac. 1100; *Stein v. Waddell*, 37 Wash. 634, 80 Pac. 184; *Melick v. Cross*, 62 N. J. Eq. 545, 51 Atl. 16; 2 Warvelle, Vendors, p. 824. Under the above authorities, the respondents could only claim a forfeiture and put the appellant in default by tendering a deed and demanding payment of the purchase price, and this they failed to do.

A party may lose his right to invoke the power of a court of equity to enforce specific performance of a contract of sale by mere lapse of time, but a delay of two or three months will not ordinarily suffice for that purpose, except possibly where the value of the property is uncertain and fluctuating, and no such case is presented here. If we concede that the appellant obligated itself to construct a tank of a different kind from that actually constructed, such a covenant related to a collateral matter and the only remedy for its breach would be an action on the covenant. *Crampton v. McLaughlin Realty Co.*, *ante* p. 525, 99 Pac. 586.

For these reasons we are of opinion that the court erred in dismissing the action, and the judgment is reversed with directions to enter a decree in accordance with the prayer of the complaint, upon payment into court of the total amount due under the contract with interest, taxes, etc. If a sufficient tender was made under date of December 20, 1906, which seems to be conceded, no interest will be allowed on the purchase price subsequent to that date.

Reversed and remanded.

Fullerton, Chadwick, Mount, Crow, and Dunbar, JJ., concur.