[No. 29191. Department Two. November 22, 1943.]

JOHN G. MARSHALL et al., *Respondents*, v. HOMER CAMPBELL et al., *Appellants*.[1]

[1]Reported in 143 P. (2d) 449.

498

*Bates & Burnett*, for appellants.

*D. Elwood Caples*, for respondents.

BLAKE, J.—This is an action by the vendors to rescind a contract for the sale of real property. From a decree canceling the contract and forfeiting the payments made on the purchase price, defendants (vendees) appeal.

The property, the subject of the contract, consists of two lots, upon one of which is situated a repair garage and a service station with the usual equipment, storage tank, hydraulic jack, air compressor, and so forth. The contract recites that the "full purchase price [is] four thousand dollars." One thousand dollars was paid upon the execution of the contract October 28, 1939. The balance was to be payable in seventy-five equal monthly installments of forty dollars each, with interest on deferred balances.

At the time this action was brought, the appellants were not in default in any of the monthly payments. The contract provides, however, that,

"IN CONSIDERATION of the terms of payment as above set forth, Buyer agrees that said real and personal property above described shall be used for the purpose of selling and distributing gasoline acquired exclusively from Seller or party or parties designated by Seller, from the date hereof until the date of the last payment hereinabove specified. *It is understood that Buyer may increase the amount of the monthly payments or may pay any part or the whole of the*

*unpaid principal at any time he so desires,* provided, however, that if Buyer shall pay this contract sooner than provided herein, that Buyer's obligation to purchase gasoline from Seller or party or parties designated by Seller shall continue to the date when the last payment under this contract would ordinarily have been made, and the usual form of gasoline contract shall be entered into for the remaining period from date of full payment to the date on which the last payment would ordinarily have been made." (Italics ours.)

It is admitted that, subsequent to March 25, 1941, appellants refused to buy gasoline from a "party . . . designated by Seller."

█ The contract provides for forfeiture "in the event Buyer shall fail or neglect to promptly make the payments herein provided for *or shall fail or neglect in any manner to fully carry out and comply with all of the terms and conditions herein contained."* (Italics ours.) Despite this all inclusive forfeiture clause, it does not necessarily follow that an action for rescission will lie for breach of the covenant to buy gasoline "from Seller or party . . . designated by Seller." If it is *independent,* a breach of it will not invalidate the entire contract. *Emigrant Co. v. County of Adams,* 100 U. S. 61, 25 L. Ed. 563.

That case, too, was an action by the vendor to rescind a contract of sale for breach of certain obligations imposed on the vendee. Denying the right to rescind, the court said, p. 70:

"The allegations of the bill to the effect that the Emigrant Company has not fulfilled its engagements with respect to the drainage and settlement of the land, rest in covenant merely, and afford no ground for avoiding the contract. Where covenants are mutual and dependent, the failure of one party to perform absolves the other, and authorizes him to rescind the contract. But here the contract was largely carried into execution soon after its inception. The engagements of the appellants to introduce settlers and the like were to be performed in the future; and their performance was not made a condition, but, as before stated, rested in covenant. In case of a breach, they would lay the foundation of an action, but nothing more."

Referring to a stipulation in the contract requiring the vendee to pay certain claims of individuals, the court continued:

"The agreement is an independent one,—a part of the consideration of the contract, it is true; but its non-performance raises an action merely, and does not annul the entire contract. We are disposed to think that as the appellants had notice of Davis's suit, and co-operated in its defence, the claim of the county is valid; but, being a mere legal demand, it cannot be recovered in this suit; and we are satisfied that it constitutes no proper ground for the relief sought by the bill."

■ There seem to be comparatively few cases dealing with the subject of dependent and independent covenants as between vendor and purchaser in contracts for the sale of real property. The character of the covenant depends upon whether the contract is entire or severable. If it is entire, a breach of one covenant discharges all; if it is severable, a breach of one will not operate as a discharge of the others. 5 Page on the Law of Contracts, p. 4551, § 2592 *et seq.* In the first instance, rescission lies; in the latter, an action for damages only may be maintained. *Crampton v. McLaughlin Realty Co.*, 51 Wash. 525, 99 Pac. 586, 21 L.R.A. (N.S.) 823.

■ This and others of our decisions warrant the following statement of the rule for determining whether a covenant is dependent or independent: If the covenant is inherent in the subject matter of sale or is inseparable from the consideration as a whole, it is dependent; otherwise, it is independent. *Tacoma Water Supply Co. v. Dumermuth,* 51 Wash. 609, 99 Pac. 741; *Spokane Canal Co. v. Coffman,* 54 Wash. 645, 103 Pac. 1106; *Benham v. Columbia Canal Co.,* 74 Wash. 110, 132 Pac. 884; *Ihrke v. Continental Life Ins. & Inv. Co.,* 91 Wash. 342, 157 Pac. 866, L.R.A. 1916F, 430.

In the case last cited, the vendor agreed to plant an orchard, care for it over a period of years, and, upon consummation of the contract, turn over to the purchaser a bearing orchard. Rejecting the contention that the agree-

ment to plant and care for an orchard was an independent covenant, the court said, p. 351:

"Here the covenants are mutual and dependent. The very contract is to convey a tract of land with a bearing orchard, which was to be planted and matured prior to the time the last of the payments were due. There was no separation in regard to the consideration. The land with the orchard was to be conveyed as a whole for the one price, and there is no means of determining what part of the consideration was to be paid for the land and what part for the orchard."

In the *Benham* and the *Coffman* cases, the vendors agreed to furnish water for irrigation of the lands which were the subject of sale. In each case, the covenant was held to be independent; and, notwithstanding breach of it, the court granted rescission to the vendor upon failure of the vendee to pay the purchase price. In the *Dumermuth* case, it was held that an agreement by the vendee to build a sightly water tank on the property was collateral and not ground for forfeiture of the contract, the remedy for breach being an action on the covenant. In the *Crampton* case, it was held that covenants relating to building restrictions and the making of street improvements by the grantors were independent of the covenants to convey and to pay the purchase price.

In the light of these decisions and the principles enunciated in them, it would hardly seem open to question that appellants' covenant to buy gasoline from respondents or a party designated by them is independent of the covenants to convey and to pay the purchase price. The contract not only expressly stipulates that the "full purchase price" is four thousand dollars, but also provides for acceleration of deferred payments at the election of the vendees. Upon payment of the "full purchase price of four thousand dollars," vendees would be entitled to a deed, yet their obligation to buy gasoline from "Seller or party . . . designated by Seller" would continue "to the date when the last payment under [the] contract would ordinarily have been made." Obviously, appellants' obligation to buy

gasoline is wholly independent of their obligation to pay the purchase price; on the other hand, respondents' obligation to convey is in nowise dependent upon appellants' purchase of gasoline from them or from some one designated by them.

Although possibly beside the question, it may be observed that an action for damages affords a complete and adequate remedy for breach of the covenant. We can conceive of nothing more susceptible of accurate measurement than the loss of profits the respondents have sustained by the refusal of appellants to buy gasoline from them or from the party designated by them. See *Deming v. Jones*, 173 Wash. 644, 24 P. (2d) 85.

The decree is reversed and the cause is remanded, with directions to dismiss the action, without prejudice, however, to respondents' right to prosecute an action for damages for breach of covenant.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.

January 7, 1944.   Petition for rehearing denied.