[No. 157-40934-3.   Division Three.   November 16, 1970.]

RICHARD J. MCLEAN et al., Appellants, v. J. N. VAIL et al., Respondents and Cross-appellants.

W. Gordon Kelley, for appellants.

Robert F. Murray (of Murray & Hanna), for respondents and cross-appellants.

GREEN, J.—Plaintiffs, Richard J. and Shannon L. Mc-Lean, brought this action against defendants, J. N. and Bernice C. Vail, to rescind a contract for the purchase of real estate. Defendants cross-complained, seeking forfeiture. Judgment was entered denying rescission and quieting title to the real estate in the defendants, subject to the defendants paying plaintiffs $5,298.31. Both parties appeal.

Since plaintiffs have assigned no error to the findings of fact entered by the trial court, they will be accepted as verities with respect to plaintiffs. CAROA 43. These findings disclose that on February 13, 1968, plaintiffs agreed to buy and defendants agreed to sell, under a written and signed contract, certain described real estate in Grant County

"TOGETHER WITH all water rights appurtenant thereto; and all irrigation pipe and sprinklers now located on the premises.

"It is understood and agreed that sellers will repair the pipe-line running from the so-called 'sump' to the pump supplying the irrigation system.

"In addition to the foregoing premises, sellers agree to assign any interest sellers may have, or become entitled to in a certain lease covering approximately 40 acres of land located in the NE 1/4 of the NW 1/4 of Section 26, Township 16, North Range 27, E.W.M., and bounded on the north, west and east by the said above-described farm Unit 85, which lease runs from the State of Washington."

The purchase price was $44,500, of which plaintiffs paid to defendants a down payment of $12,000. The balance of $32,500 was to be paid $560 on or before June 19, 1968, and by other periodic payments.

On May 23, 1968, plaintiffs, by letter from their attorney, notified defendants of their election to rescind the contract. The letter predicated rescission on the following stated grounds:

The contract provided that the sellers would repair the pipeline running from the sump to the pump; this has not been done though two abortive attempts have been made. On May 8, 1968, a letter was written to Mr. R. Chester Peach, advising him of this situation and as of this date nothing has been done.

The lease further provides that the sellers would assign certain leasehold interest to the purchasers. Again, this has dot [sic] been done and it is now discovered that there is no such lease available for assignment.

Further, the title insurance policy called for in the contract has yet to be delivered; the papers have not been deposited in escrow as agreed; and apparently the last straw came when Mr. McLean received a billing for the second half of the 1967 real estate taxes and the second half of the 1967 weed assessment.

Thereafter, on June 17, 1968, plaintiffs commenced this action for rescission. On July 2, 1968, plaintiffs, by their attorney, notified defendants they would abandon the premises on July 5, 1968, and they did. Plaintiffs did not make the payment due on June 19, 1968 nor did they make any conditional tender. Accordingly, on August 27, 1968 defend-

ants answered plaintiffs' complaint; denied the alleged grounds for rescission and cross claimed for forfeiture and cancellation of the contract. In addition to the foregoing, the trial court also found that while defendants made efforts to repair the pipeline, it was not repaired in accordance with the contract and the intentions of the parties; the cost to repair the pipeline could be as much as $5,000; and during the time of their possession of the premises, plaintiffs paid a water assessment in the sum of $596.62.

Thereupon, the trial court concluded rescission should be denied and forfeiture allowed to defendants subject to their payment to plaintiffs of $5,298.31, being the cost of repairing the pipeline and one-half of the water assessment.

Defendants in their cross-appeal claim the trial court erred in finding the pipeline was not properly repaired; that $5,000 was the cost of its repair; and entering judgment against them for $5,298.31. We will first discuss the errors raised by plaintiffs.

First, plaintiffs contend the conclusion to deny rescission was erroneous. Notwithstanding findings the pipeline was not repaired in accordance with the contract and the cost of such repair could be as high as $5,000, the trial court concluded, that because the covenant to repair was an independent covenant, the remedy of rescission did not lie. Plaintiffs take the position the covenant to repair was a dependent covenant and therefore they were entitled to rescission. With this position, we agree.

The test of whether a covenant is dependent or independent was stated in *Marshall v. Campbell*, 19 Wn.2d 497, 143 P.2d 449 (1943), at 500:

There seems to be comparatively few cases dealing with the subject of dependent and independent covenants as between vendor and purchaser in contracts for the sale of real property. The character of the covenant depends upon whether the contract is entire or severable. If it is entire, a breach of one covenant discharges all; if it is severable, a breach of one will not operate as a discharge of the others. . . . In the first instance, rescission lies; in the latter, an action for damages only may be maintained. . . .

This and others of our decisions warrant the following statement of the rule for determining whether a covenant is dependent or independent: *If the covenant is inherent in the subject matter of sale or is inseparable from the consideration as a whole, it is dependent; otherwise, it is independent.*

(Italics ours.) In the instant case, plaintiffs purchased real estate and "all irrigation pipe and sprinklers now located on the premises." The defendants agreed to repair the portion of the pipe running from the "sump" to the pump supplying the irrigation system. In effect, plaintiffs purchased real estate and a "repaired" pipeline. The repaired pipeline was part of the items to be conveyed in consideration of the purchase price. There is no separation in the contract as to the value of the land and the value of the pipeline. We conclude the covenant to repair the pipeline is inherent in the subject matter of sale, inseparable from the consideration as a whole and therefore dependent. *Ihrke v. Continental Life Ins. Co.,* 91 Wash. 342, 352, 157 P. 866 (1916); *Benham v. Columbia Canal Co.,* 74 Wash. 110, 132 P. 884 (1913); and *Spokane Canal Co. v. Coffman,* 54 Wash. 645, 103 P. 1106 (1909) relied upon by defendants are not in point.

Contrary to defendants' contention, we believe there was sufficient evidence to support the trial court's finding that to repair the pipeline *could* cost as much as $5,000 and that the pipeline had not been repaired in accordance with the provisions of the contract and the intention of the parties. The finding as to cost was an estimate and in keeping with the nature of the evidence.

In view of our holding that plaintiffs are entitled to rescission, it is unnecessary to discuss the other assignments of error raised by the parties.

The judgment of the trial court is reversed, with direction to (1) vacate the judgment entered in favor of defendants; (2) enter a judgment for rescission in favor of plaintiffs, and for the return of the downpayment of $12,000; and, (3) such further judgment be entered as may be nec-

essary to restore the parties to the status quo as existed prior to the transaction.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied December 21, 1970.

Review denied by Supreme Court February 9, 1971.